Hillsborough
No. 92-054

THE STATE OF NEW HAMPSHIRE

v.

MANUEL JIMENEZ, a/k/a LUIS ORTIZ

July 23, 1993

*Jeffrey R. Howard*, attorney general (*Brian R. Graf*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J.  The defendant, Manuel Jimenez, a/k/a/ Luis Ortiz, was convicted after a jury trial in Superior Court (*Murphy*, J.) of two counts of selling cocaine and one count of possession of cocaine with intent to distribute. He appeals only the conviction of possession, RSA 318-B:2 (Supp. 1992), arguing only that the conviction was barred by the double jeopardy clause of the fifth amendment of the United States Constitution. In light of the United States Supreme Court's recent decision in *United States v. Dixon*, — U.S. —, 113 S. Ct. 2849 (1993), we affirm.

The conviction at issue arose out of an incident that occurred on October 29, 1990. The police had information that on that date the defendant would be returning to Manchester from Massachusetts with cocaine. Within the previous month the defendant had made sales of cocaine to a Manchester police officer acting undercover. On October 29, Officer Robert Moore, in an unmarked vehicle, was following the defendant in the area of Hanover Street in Manchester. He requested a marked patrol car to stop the defendant's car. Officer Gregory Murphy saw the defendant's car and followed it, activating

his blue lights and alternating headlights. The defendant's car pulled over and appeared to be stopping. When Officer Murphy pulled behind it and began to stop, the defendant's car sped away. Officer Murphy then turned on his siren and tried to cut in front of the defendant. The defendant turned right onto Kenney Street and two marked police cruisers pulled into the street behind him. Officer Moore, who was behind the cruisers, saw the defendant's car slow down on the left side of the street and observed the driver "fling something out the window" that was dark in color. The defendant's car accelerated again but was quickly stopped by the police. Officer Moore searched the area where the object was thrown and at first found nothing. He was joined by Officer Dennis Glennon, who found a large green plastic bag containing a number of small packets of cocaine. The defendant was immediately arrested for refusing to stop for police officers.

The defendant was charged with and convicted of the misdemeanor of disobeying a police officer, in that he purposely refused to stop for a police officer when signaled to do so. RSA 265:4, I(c) (1982). Prior to his subsequent trial on the drug charges, the defendant moved to dismiss the possession indictment on double jeopardy grounds, arguing that the State would attempt to prove that charge with conduct for which he had previously been convicted. *See Grady v. Corbin*, 495 U.S. 508 (1990), *overruled by Dixon*, — U.S. —, 113 S. Ct. 2849. The trial court denied the motion "without prejudice to the issue being raised by a Motion in Limine for consideration by the trial judge."

The defendant filed a motion *in limine* on the same ground, requesting the trial court to exclude from his trial the "chase information" that had constituted the disobeying charge of which he had already been convicted. In opposition to the motion, the State argued that it ought to be permitted to use the evidence of flight to prove guilt. The court denied the motion, and the evidence as set forth above was introduced at trial.

At the outset we address the State's contention that the issue before us is not preserved. The State correctly observes that the issue presented in the defendant's notice of appeal involves the use at trial of the already-prosecuted conduct, thereby challenging the denial of the motion *in limine*. The defendant's brief, however, challenges the conviction itself, ostensibly appealing the denial of the motion to dismiss.

■ Supreme Court Rule 16(3)(b) provides: "The statement of a question presented will be deemed to include every subsidiary ques-

tion fairly comprised therein." Question 2 in the notice of appeal asks, "Whether the defendant's double jeopardy rights were violated when the trial court allowed the State to utilize evidence of conduct for which the defendant had already been prosecuted to establish elements of the possession with the intent to distribute indictment." We understand the gravamen of this question to be the constitutional propriety of the State's proving an already-prosecuted offense in establishing an essential element of the offense charged in a second prosecution. Subsumed within this question is the issue of the proper remedy should this court determine that a constitutional violation occurred. It is undisputed that the issue on appeal was presented to the trial court. We conclude that the issue argued in the brief is a subsidiary question within the meaning of Rule 16(3)(b), and therefore is properly before this court.

The fifth amendment double jeopardy clause protects a defendant in three ways: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). The defendant's claim on appeal concerns the second category of protections.

In *Grady*, the United States Supreme Court stated that the double jeopardy protections of the fifth amendment require successive criminal prosecutions to undergo two levels of scrutiny. To determine whether a subsequent prosecution is barred, a court must first apply the traditional test under *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *Grady*, 495 U.S. at 516. *Blockburger* stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. "If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred." *Grady*, 495 U.S. at 516.

The second level of scrutiny established under *Grady* further barred a subsequent prosecution if the State "to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 521. The defendant in the instant case argues that his prosecution for possession with intent to distribute is barred under this second level of scrutiny. He argues

that in its prosecution of the drug possession charge the State proved the entirety of the conduct that constituted the defendant's earlier offense of disobeying a police officer.

In its recent decision in *United States v. Dixon,* however, the United States Supreme Court explicitly overruled its decision in *Grady* and reestablished its reliance on *Blockburger* as the sole embodiment of the fifth amendment's double jeopardy protections against successive prosecutions. *See Dixon,* — U.S. at —, 113 S. Ct. at 2859-64. The Court's majority decided that *Grady* was an inaccurate expression of the law and recognized that it had created confusion among those courts attempting to apply its standard. *See id.* at —, 113 S. Ct. at 2864. In light of the Court's decision, we reject the defendant's claim that his prosecution for possession with the intent to distribute is barred by the federal double jeopardy protections pronounced in *Grady.*

█ The defendant concedes that his prosecution for drug possession, subsequent to his prosecution for disobeying a police officer, did not run afoul of *Blockburger,* and we agree. Each of the statutory offenses requires proof of elements that the other does not. *See* RSA 265:4 (1982); RSA 318-B:2 (Supp. 1992). Finding no violation of the fifth amendment's double jeopardy protections, we affirm the defendant's conviction.

*Affirmed.*

All concurred.