STATE *v.* BARRELS OF LIQUOR, & PECKER & ALS. CLAIMANTS.

When a complaint for the forfeiture of liquors, under the law of 1855, is duly entered in court, and the proper notices given, any person claiming said liquors may come into court and be made a party to the proceeding.

In such cases the court may order such claimants to give security for costs, as the terms of being admitted as parties.

Upon being thus admitted, the claimants should file in writing a statement of their claim, each separate claimant stating the nature and extent of his claim, so that the same may be made a matter of record.

Each claimant should also file in writing his plea, which should not only deny the allegations in the complaint, viz., that the liquors are forfeited, but should also tender an issue of title to the liquors in himself, so that the State may traverse that fact and try that question by the jury.

The officer seizing said liquors must hold the same till the final order of court. He cannot allow them to be receipted for, or appraised as perishable property, nor can they be taken from him by replevin.

This is not a criminal proceeding, and cannot be commenced by indictment, but is a proceeding *in rem*, against the liquors, for their condemnation as forfeited property, and the complaint is in the nature of a libel.

The issues will be tried by the rules applied in the trial of civil causes. Claimants may appear and plead by attorney. Claims and pleadings may be amended, issues joined and verdicts rendered, as in other civil causes.

AT a previous term this complaint was filed, and by order of the court, notice had been given under the statute, in such cases made and provided, of the seizure of the aforesaid liquor, &c., so that the owners or claimants thereof might come into court to be heard.

And now appear here in court, Robert E. Pecker, of Concord, in the county of Merrimack, and State of New Hampshire, and Gilman Brickett and William R. Paige, of Boston, in the county of Suffolk, and Commonwealth of Massachusetts, partners jointly engaged in business at said Boston, and claim the same liquors, and the barrels in which they are contained, as their property, and that they were lawfully possessed of the same at the time they were seized by the officer, as is set forth in the notice of such seizure. By their attorneys, Benton & Benton.

The solicitor, in behalf of the State, moves to reject the aforesaid plea, and claim, &c., as being insufficient and informal.

And the said Pecker & als., as claimants of said barrels of liquor, come into court, and request the court that the said liquors, and the barrels containing them, be appraised in the same manner as property attached on the writ, and that the claimants be allowed to take the same into their own possession, upon filing a sufficient bond to pay the appraised value of the same and costs thereon, in case the same are adjudged to be forfeited.

The said claimants also request the court to appoint a commissioner to take depositions in this case. By their attorneys, &c.

The State objects to these requests being granted.

All questions of law arising upon the foregoing case, and upon the whole proceedings, were reserved for consideration by the full bench.

*Ray*, Solicitor, & *Ladd*, for State.

*Benton & Benton*, for claimants.

SARGENT, J.   In this case a complaint was made before a magistrate who issued his warrant, ordering a search to be made in a certain dwelling-house, therein described in the day-time, for certain liquors therein specified.   The officer had made search and found certain barrels and a keg of liquor, which he describes particularly in his return, all of the value of $224.   And the magistrate having assumed jurisdiction of said complaint and warrant, and the return thereof, and it being adjudged that the value of said liquors and the vessels in which they are contained is above the value of $13.33, to wit, of the value of $224, made an order of notice upon Samuel G. Evans, who was set forth in the complaint as the owner of said liquors, to appear, at the next trial term of the Supreme Judicial Court, that he might then and there claim said vessels and liquors, and show cause why the same should not be forfeit-

ed, which order was complied with by serving said notice on said Evans, and posting up a copy of the same on the dwelling-house where said liquors were found, fifteen days before the sitting of said court; and at said court the cause was farther continued, and a farther notice was ordered to said Evans, and all other persons claiming any interest in said liquors, or the vessels containing the same, to appear at the next term of said court, and show cause why said liquors and vessels should not be forfeited; and said notice was duly and seasonably published in the Coos Republican at Lancaster.   At said adjourned term these claimants appear and ask to be admitted as parties, and the proceedings stated in the case were had.

We see no reason why these proceedings are not in proper form to give the court jurisdiction of the case under the 10th, 11th and 15th sections of the law of 1855, entitled, "An act for the suppression of intemperance," and we see no reason why the notices have not been sufficient under that statute to bind all parties.

The first objection is to the admission of these claimants as parties to the record.   The statute provides (sec. 12,) that "at the time and place appointed by the notice, any person or persons claiming an interest in the liquors and vessels seized, or any part thereof, may appear and make their claims respectively, and the justice or court shall keep a record of his or their appearance and claims, and he or they shall' be admitted as party or parties on the trial, and issues may be joined.   And whether any person shall enter any claim or not, the justice or court shall thereupon proceed to try, hear and determine the allegations of said complaint, and whether said liquor and vessels or any part thereof be forfeited," &c.

The latter part of the 12th section provides that if any one shall appear as claimant for the whole or a part of these liquors, vessels, &c., and judgment be rendered against him, he shall pay the whole or such equitable share of the costs as shall be adjudged by the justice or court, and for all such costs, execution shall issue against the party or parties, liable for the same, and if not paid forthwith, defendant therein named shall be committed to jail, and not be discharged until he pays such execution and costs of commitment, or shall have been imprisoned thirty days.

Nothing is here said about the claimant's being required to give any security for costs, on being admitted as a party, but we cannot doubt that this is a matter within the discretion of the court.   The claimant may reside out of the State, and may have no property within this jurisdiction, in which case, if an execution were recovered against him, it could not be collected, and he could not be imprisoned as the law contemplates.   The court may require security for costs, as the terms of a claimant's being admitted as a party, in any and all cases where justice requires it.

It is claimed by the State that the claimant should file an affidavit, setting forth his title, so as to satisfy the court, that his appearance and claim is made in good faith.   But we do not think that this was intended to be required, since there must be a hearing and trial, whether any

claimant appears or not, and also because we hold that this fact of prop-. erty in the claimant must also be alleged in the plea, so that issue can be joined thereon, if the State desires. We therefore hold that no affidavit of property in the claimant is required.

It is also objected that the claimant should not be allowed to appear by attorney, but that he must appear in person. This question will be considered in connection with another that is raised in the case.

It is also objected that the claim as stated is insufficient. But we think no particular form is necessary. When the claimant appears he should make or state his claim in writing, so that the justice or court may make a record not only of his appearance but of his claim, as the statute requires. This is necessary for various reasons. First, there might be several claimants, each claiming a separate and distinct portion of the property, and the extent of the claim of each should be distinctly stated and entered of record, so that in the end it could be readily seen whether each one held all that he claimed or not. The nature of the claim should be stated, whether as general and sole owner, or whether he had some special property in the whole or the part claimed. The nature and extent of the claim of each should be stated and made matter of record. In this case the nature and extent of the claim is stated, viz., that the claimant is the absolute owner of all the property described in the officer's return, as found by him in searching the premises under the search warrant. The claim is well enough, and the claimants may properly be admitted as parties.

After being admitted as a party there, the claimant should file his plea, and in his plea he should re-assert his title to his property, so that it can be traversed and an issue joined on that point, because that is one of the points which is required to be tried and settled, for the court are to make an order, when the claimants succeed in establishing their claims and the liquors are not declared forfeited, that they be delivered to the persons entitled to receive the same. Section 13.

Hence the importance of having the plea include an allegation of title in the claimant. But there may also be two or more claimants for the same liquor. The court could not decide, when the claims were made, which of the two or more claimants had the true title; they must all be admitted as parties, and in order that the court might make its order for the delivery of the liquors to the person entitled to the same, the jury must not only settle whether the liquors are forfeited or not, but if not, then to whom it belongs of the several claimants for the same article.

The plea in this case is clearly insufficient. It says nothing about title, and only tenders the issue that the liquors are not forfeited; but it does not state why, or state any fact relied on to show that they are not so forfeited upon which issue can be joined. But we have no doubt that this plea may be amended on motion, so as to be made sufficient.

Perhaps the following, for want of a better, might answer the purpose of a plea : After stating the county, the court, the term, and the cause, then proceed : "And the said A. B., the claimant in said cause mentioned, having filed his claim in said court, and been admitted as a party at the trial, for plea in this behalf, says, that no part of said liquors in

said officer's return mentioned, or the vessels in which the same were contained, became forfeited, or should be adjudged to be forfeited, because, he says, that no part of said liquors were at the time when the said complaint was made, kept by any person with intent to sell the same within this State in violation of law, and of this he puts himself upon the country.

(Signed.)

And for further plea in this behalf, by leave of court, the said A. B. says that at the time when the said complaint was made at, &c., (all the liquors seized on said warrant and mentioned in the officer's return thereon,) and the vessels in which the same were contained were the property of the said A. B., and that he, the said A. B., was then and there lawfully possessed of the same as if his own proper goods and chattels, and this he is ready to verify; wherefore he prays said court to order the officer having the same in custody, to deliver the same, and all the same, to the said A. B., as the person lawfully entitled to receive the same."

(Signed.)

The first plea would be a sort of general issue which might be joined by the State, and the affirmative of that issue would be on the State, where it should be, and the State would have the opening and the close. *Judge of Probate* v. *Stone*, 44 N. H. 593. The State may then, if it chooses, traverse the allegation of property in the claimant, and an issue may in that way be raised and joined on that question, the affirmative of which would be on the claimants, where it should be; and after verdict, the proper orders could be made, and costs allowed in cases provided for in the statute, according to such provisions, and in other cases · the court will award and apportion the costs in its discretion. The statute provides in sec. 12 for the costs in various cases; and other cases might arise not thus provided for, in which the court must apportion the costs as shall seem just.

The request that the court would have these liquors, &c., appraised, and allow the claimants to take the same, &c., cannot be granted. The object here is not so much to get the value of the property, but to take these liquors, which, by the illegal way in which they have been kept, have become a public nuisance, and have them forfeited to the county, which may, if said liquors are found to be of suitable quality, use them in a legal way and for a proper purpose; but if they are found to be of unsuitable quality for any use or purpose, then the design of the law was to have them destroyed as an article dangerous to community. This point is settled in *Allen* v. *Staples*, 6 Gray 491, where it is held under a similar provision to the one in our law, that such liquors are not subject to the action of replevin while in the officer's hands, nor would they be so liable under our statute as they clearly would not be at common law. Our statute, Rev. Stats. ch. 2, sec. 2, only provides that property attached on mesne process, may be replevied, &c. But the seizure under this act of 1855 is a very different thing from an attachment on mesne process, for here the law in sec. 10 expressly requires the magistrate in his warrant, to order the officer, if he finds the liquors

as set forth in the complaint, "to keep the same till final action thereon." He is not to allow it to be receipted for, or to go out of his possession upon appraisal, nor could it be taken from him by writ of replevin, because in either of these ways, the object of the law in having the identical property forfeited to the county, and destroyed if found unfit for lawful use, would be defeated.

Chap. 212, Rev. Stats. sec. 3, in regard to forfeitures of personal property, provides that, where the libel is filed, a warrant shall issue to the officer, requiring him to take said property into his custody and detain the same until legally disposed of; and then in sec. 5, provides that if a claimant appears, the property may be sold by agreement of parties, or that the same may be examined and sold, if perishable or expensive, the same as property attached may be examined and sold; and sec. 6 provides that if claimants request it, the property may be appraised and delivered to the claimant, as is here requested to be done. By this statute it will be seen that the officer is to keep the property till legally disposed of, and various ways are there provided in which it may be thus legally disposed of, whereas, in the case we are considering, the officer is to keep the liquors till final action thereon, which is to be returned to the place from whence they were taken, or delivered to the claimant when not kept for illegal sale, or to be forfeited to the county if thus kept. This request must be denied.

We are also requested to appoint a commissioner to take testimony in the case. This necessarily leads us to inquire by what rules the trial is to be governed? Is it to be tried as a criminal or a civil case? May depositions be used on trial, or must witnesses attend in person?

This is a proceeding *in rem*, for the condemnation of the liquor and vessels; no penalty or fine is to be imposed upon the person who keeps the liquor with intent to sell, under this proceeding. All that is done, or that can be done, under this complaint, is to settle the question, whether the liquor, vessels, &c., shall be condemned as forfeited to the county, or shall be delivered to the claimants, or restored to the place from whence they were taken. It is a proceeding that cannot be commenced by indictment, and the complaint which is made in the first instance is in the nature of a libel, such as ch. 204, Rev. Stats., provides for, and not in the nature of a criminal complaint against any person, but is simply a proceeding *in rem* against the liquors, &c., for their condemnation as forfeited property, and this court can have jurisdiction of such a case only when it comes from the magistrate, either by appeal from his decision, when the value of the liquors, &c., is less then $13.33, or when of greater value the magistrate returns the whole proceeding to this court, as has been done in this case.

By the 2d section of the act of 1855, it is made an offence to sell or keep for sale, any spirituous liquors, and the punishment is provided for the person so offending, and he may be complained against before a magistrate and bound over or indicted in the first instance for selling or keeping for sale any spirituous or intoxicating liquors, and the search that is provided for in the 3d section of said act of 1855, is merely for the purpose of obtaining evidence to be used in prosecutions under the

2d section, for selling or keeping for sale. But that proceeding has no connection with the search and seizure provided for in secs. 10, 11, 12, 13, 14 and 15 of said act. In these sections an additional cause of forfeiture of personal property is created or defined not known to the law before, and a particular way is provided for trying the questions raised, similar in many respects to the proceedings in other cases of forfeiture, and the same rules of evidence would apply, and the same form of trial would be had as in other cases of forfeiture under the general statute.

This class of cases are to be considered and tried as civil causes are tried. The question involved is only as to the title to property, like other questions in civil causes. It is only when some crime or misdemeanor is charged upon an individual that all reasonable doubt of the guilt of the accused must be removed. But here no one is accused of any crime; in fact, it is not a proceeding against any person. Such being the character of the proceeding and of the trial to be had, the claimants may appear by attorney, may make and sign their claim by attorney, may file their plea in writing and sign it by attorney, issues may be joined, claims and pleas amended, verdicts rendered on the issues, and judgments rendered on the verdicts, costs allowed the prevailing party, and executions for costs issued.

All issues will be decided upon the preponderance of evidence, and depositions may be used on trial as in other civil causes. They may be taken before a magistrate upon notice as in other civil cases, or a commissioner may be appointed if desired.

Having alluded to all the points to which our attention has been called in the arguments,

*The case may be discharged.*