Merrimack
No. 95-226

THE STATE OF NEW HAMPSHIRE

v.

GILBERTO NATALCOLON

February 15, 1996

*Jeffrey R. Howard*, attorney general (*Brian R. Graf*, assistant attorney general, on the brief and orally), for the State.

*Paul J. Garrity*, of Londonderry, on the brief and orally, for the defendant.

## MEMORANDUM OPINION

BROCK, C.J. The defendant, Gilberto Natalcolon, appeals the denial by the Superior Court (*Smukler*, J.) of his motion to dismiss his indictment for conspiracy to sell cocaine, RSA 629:3 (1986). He argues that double jeopardy bars a prosecution on this indictment following the forfeiture of his property pursuant to RSA 318-B:17(b) (1995). We affirm.

On November 8, 1993, while executing a search of the defendant's residence, police officers seized a wallet containing $1,300. Included in this amount were three fifty-dollar bills that the police had used in prior drug purchases. The following day the defendant was notified by the New Hampshire Drug Task Force that $1,150 was subject to forfeiture upon petition by the State. In January 1994, the State commenced a forfeiture proceeding against the money. Although the defendant was notified of the proceeding, he did not file a claim for the money, which was declared forfeited to the State on May 6, 1994.

The defendant was indicted in June 1994 for conspiracy to sell cocaine. He moved to dismiss the indictment, arguing that because the forfeiture had already punished him for the conduct alleged in the indictment, the prosecution would violate his protections against double jeopardy under part I, article 16 of the New Hampshire Constitution and the fifth and fourteenth amendments to the Federal Constitution. Attached to the motion to dismiss was an affidavit claiming lawful ownership by the defendant of the money forfeited. The trial court denied the motion, ruling that because the defendant failed to make a claim for the forfeited money or file an appearance at the forfeiture proceeding, he had not been placed in former jeopardy. We will independently address the issue raised under the State Constitution, referring to federal cases for guidance only. *See State v. Fitzgerald*, 137 N.H. 23, 26, 622 A.2d 1245, 1246

(1993). Because we conclude that the State Constitution provides at least as much protection to the defendant as the Federal Constitution, we undertake no separate federal analysis. *Id.* at 26, 622 A.2d at 1247.

Like *State v. Guenzel*, 140 N.H. 685, 671 A.2d 545 (1996), this case involves a double jeopardy claim to the effect that the defendant will be subject to multiple punishments if the State is permitted to go forward with its prosecution of the criminal charges, because of a prior civil forfeiture proceeding. Also like the defendant in *Guenzel*, this defendant cannot pursue his double jeopardy claim because he never was subjected to prior punishment.

Several courts have held in analogous circumstances that jeopardy does not attach to a forfeiture that is not contested by the defendant. *See United States v. Baird*, 63 F.3d 1213, 1218-19 (3d Cir. 1995), *petition for cert. filed*, 64 U.S.L.W. 3318 (U.S. October 17, 1995); *United States v. Cretacci*, 62 F.3d 307, 310-11 (9th Cir. 1995); *United States v. Arreola-Ramos*, 60 F.3d 188, 192-93 (5th Cir. 1995); *United States v. Torres*, 28 F.3d 1463, 1465 (7th Cir.), *cert. denied*, 115 S. Ct. 669 (1994). We agree with the reasoning in these cases.

■ A statutory forfeiture "is a proceeding *in rem*," *State v. Barrels of Liquor*, 47 N.H. 369, 374 (1867); it "is not a proceeding against any person." *Id.* at 375. An individual must therefore make a claim to the property at a civil forfeiture proceeding in order to become a party to it. *Baird*, 63 F.3d at 1219; *Arreola-Ramos*, 60 F.3d at 192-93.

■ ■ By failing to contest the forfeiture in this case, the defendant never became a party to the proceeding and effectively renounced any interest in the property forfeited. *See Cretacci*, 62 F.3d at 310-11. As a result, there has been no judicial determination that the property was his, and consequently he cannot claim that its forfeiture punished him. *See id.*; *Arreola-Ramos*, 60 F.3d at 192. In these circumstances, without punishment, there is no former jeopardy. *Guenzel*, 140 N.H. at 689, 671 A.2d at 548. That the defendant in his motion to dismiss later asserted that the forfeited money was his is irrelevant, *see United States v. Penny*, 60 F.3d 1257, 1262 (7th Cir. 1995); "the critical time for making a claim of ownership had already passed." *Cretacci*, 62 F.3d at 310.

We note that the defendant argues for the first time on appeal that if his failure to contest the forfeiture constituted a waiver of his double jeopardy claim, such waiver was invalid. This argument not having been raised below, it will not be considered on appeal. *See*

..

*State v. Smart,* 136 N.H. 639, 661, 622 A.2d 1197, 1211, *cert. denied,* 114 S. Ct. 309 (1993).

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.