Rockingham
No. 96-460

IN RE 1994 CHEVROLET CAVALIER
VIN 1G1JF14T7R7112126
NEW HAMPSHIRE REGISTRATION AWT291

March 26, 1998

*Philip T. McLaughlin*, attorney general (*Mark S. Zuckerman*, senior assistant attorney general, on the brief and orally), for the State.

*Kinghorn & Maynard, P.A.*, of Nashua (*Steven L. Maynard* on the brief, and *Eric R. Wilson* orally), for the party in interest, Richard A. Falardeau.

BRODERICK, J. The Superior Court (*Gray, J.*) dismissed the State's petition for forfeiture, *see* RSA 318-B:17-b (1995) (amended 1995), on double jeopardy grounds pursuant to the State and Federal Constitutions. The State appeals, arguing that statutory *in rem* forfeiture constitutes neither punishment nor a sanction for the same offense for purposes of double jeopardy. We reverse and remand.

On February 21, 1995, the police seized approximately 430 grams of marijuana and .87 grams of hashish in Richard Falardeau's 1994 Chevrolet Cavalier, VIN 1G1JF14T7R7112126, New Hampshire registration AWT291. Falardeau pled guilty to possession of marijuana, a controlled drug, with intent to sell, *see* RSA 318-B:26, I(c)(5) (1995), and was sentenced to two to four years at the State Prison, deferred upon completion of the Shock Program.

The State subsequently filed a petition for forfeiture of Falardeau's vehicle. When Falardeau filed a motion to dismiss premised on double jeopardy, the State amended the petition, deleting reference to the marijuana found in the car. The trial court dismissed the amended petition, reasoning that the forfeiture would violate Falardeau's double jeopardy protection under the State and Federal Constitutions as multiple punishments for the same offense. This appeal followed.

Whether the petition for forfeiture of Falardeau's vehicle subjected him to double jeopardy under the State and Federal Constitutions is a question of law. We review questions of law *de novo*. *See Byblos Corp. v. Salem Farm Realty Trust*, 141 N.H. 726, 729, 692 A.2d 514, 516 (1997). We first address the question under the State Constitution, using federal case law only to guide our State constitutional analysis. *State v. Drewry*, 141 N.H. 514, 515, 687 A.2d 991, 992-93 (1996). Further, because the State Constitution provides at least as much protection as the Federal Constitution in this instance, we need not conduct a separate federal analysis. *Id.* at 516, 687 A.2d at 993.

■ ■ "The double jeopardy clause of the New Hampshire Constitution protects against . . . multiple punishments for the same offense." *State v. Guenzel*, 140 N.H. 685, 687, 671 A.2d 545, 547 (1996). To determine whether forfeiture of Falardeau's vehicle under RSA 318-B:17-b would constitute a second punishment for double jeopardy purposes, we first examine whether the legislature intended to establish forfeiture as criminal punishment. *State v. Fitzgerald*, 137 N.H. 23, 26, 622 A.2d 1245, 1247 (1993) (following *United States v. Ward*, 448 U.S. 242, 248-49 (1980)); *see Hudson v. United States*, 118 S. Ct. 488, 493 (1997) (reaffirming double jeopardy analysis under *Ward*). We will assume, without deciding, that the legislature intended statutory *in rem* forfeiture under RSA 318-B:17-b to constitute a civil, nonpunitive measure because Falardeau concedes as much. Nevertheless, if the "clearest proof" demonstrates that statutory *in rem* forfeiture is "so punitive as to negate the legislature's intent," it will be deemed to constitute criminal punishment for purposes of double jeopardy. *Fitzgerald*, 137 N.H. at 27-28, 622 A.2d at 1247-48; *see Hudson*, 118 S. Ct. at 493.

Falardeau asserts that statutory *in rem* forfeiture constitutes punishment *under the facts of this case*. In holding that RSA chapter 318-B is punitive for purposes of double jeopardy, the trial court relied upon *Austin v. United States*, 509 U.S. 602 (1993), *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.

1994), *rev'd sub nom. United States v. Ursery*, 116 S. Ct. 2135 (1996), and *United States v. Halper*, 490 U.S. 435 (1989). Subsequent case law, however, has proven the court's reliance on *Austin, $405,089.23 U.S. Currency*, and *Halper*, and Falardeau's assertion of a fact-specific analysis, to be misplaced. We address the present validity of each case in turn.

First, the Supreme Court held in *Austin v. United States* that civil forfeiture constitutes "punishment" under the excessive fines clause of the eighth amendment to the Federal Constitution. *Austin*, 509 U.S. at 622. The Supreme Court, however, has since unequivocally determined that *Austin* is inapplicable to double jeopardy analysis because the excessive fines clause is not parallel to, or even related to, double jeopardy protection. *Ursery*, 116 S. Ct. at 2146-47.

Second, the *United States v. $405,089.23 U.S. Currency* decision by the Court of Appeals for the Ninth Circuit cannot serve as guidance because it has since been reversed by the Supreme Court. *Ursery*, 116 S. Ct. at 2149.

■ Third, the Supreme Court recently "disavowed" *United States v. Halper. Hudson*, 118 S. Ct. at 491. The Court reasoned that *Halper* "deviat[ed] from longstanding double jeopardy principles" and created an "unworkable" standard because, *inter alia*, it "assess[ed] the character of the actual sanctions imposed, rather than . . . evaluating *the statute on its face* to determine whether it provided for what amounted to a criminal sanction." *Hudson*, 118 S. Ct. at 494 (emphasis added) (citation and quotation omitted). The Court repeatedly underscored that "the statute on its face," and not the facts of the case, dictates whether the sanction was punishment for double jeopardy purposes. *Id.* at 493, 496. We agree and apply this same analysis to determine whether forfeiture under RSA chapter 318-B is punishment for double jeopardy purposes. *See Hudson*, 118 S. Ct. at 494; *see also Fitzgerald*, 137 N.H. at 27-28, 622 A.2d at 1247-48 (reviewing statutory scheme, not particular facts of the case, to determine whether traffic violations were punishment for double jeopardy purposes).

■ Double jeopardy analysis requires a facial review of RSA 318-B:17-b to determine whether it is so punitive in form and effect as to negate the legislature's intent and render it criminal punishment for double jeopardy purposes. *See Drewry*, 141 N.H. at 516, 687 A.2d at 993; *Ursery*, 116 S. Ct. at 2148. We examine the statute in light of the following factors:

(1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded

as a punishment; (3) whether it comes into play only on a finding of *scienter*; (4) whether its operation will promote the traditional aims of punishment — retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.

*Hudson*, 118 S. Ct. at 493 (quotations omitted); *see Drewry*, 141 N.H. at 516, 687 A.2d at 993 (explicitly adopting several factors while implicitly adopting remainder). We follow the United States Supreme Court review of a similar federal *in rem* forfeiture statute, *Ursery*, 116 S. Ct. at 2148-49, and hold that the clearest proof does not exist to negate the legislature's conceded intent that RSA 318-B:17-b is a civil, nonpunitive measure which does not offend double jeopardy.

Like its federal counterpart, RSA 318-B:17-b, I(b) permits forfeiture of a vehicle "which is used or intended for use in the procurement, manufacture, compounding, processing, concealing, trafficking, delivery or distribution of a controlled drug in felonious violation of [RSA chapter 318-B]." *Cf. id.* at 2148. While forfeiture may contain some punitive aspects, *cf. Hudson*, 118 S. Ct. at 493, the statute serves important nonpunitive goals by "encourag[ing] property owners to take care in managing their property and ensur[ing] that they will not permit that property to be used for illegal purposes." *Ursery*, 116 S. Ct. at 2148. In addition, it serves remedial purposes by directing distribution of forfeiture proceeds to the State and municipalities as reimbursement for law enforcement expenses related to drug control programs, investigations, and prosecutions. *See* RSA 318-B:17-b, V, :17-c.

■■ The statute further demonstrates its nonpunitive nature by permitting forfeiture without a showing of *scienter*. *See* RSA 318-B:17-b, I(a)-(e) (forfeiture of property "used" in prohibited manner), :17-d (1995) (administrative forfeiture proceedings); *cf. Ursery*, 116 S. Ct. at 2147. Moreover, the statute requires that the trial court determine whether forfeiture in a particular case is excessive in relation to the underlying criminal offense. *See* RSA 318-B:17-b, IV(e). This measure prevents forfeiture from acting as a criminal punishment.

Finally, the forfeiture statute's innocent owners exemption, *see* RSA 318-B:17-b, III, deterrent effect, and relation to criminal activity are insufficient to demonstrate clearest proof of its punitive

nature necessary to negate contrary legislative intent. *See Ursery*, 116 S. Ct. at 2149.

Because the nonpunitive nature of RSA 318-B:17-b is dispositive of double jeopardy analysis under the State Constitution, *see Drewry*, 141 N.H. at 517-18, 687 A.2d at 992, we need not address whether the evidence and elements are the same in the forfeiture case and the conviction for possession with intent to sell. *See Voelbel v. Town of Bridgewater*, 141 N.H. 724, 725, 692 A.2d 512, 513 (1997).

*Reversed and remanded.*

All concurred.