Perry v. Motor Vehicles                    CV-04-046-M    04/23/04
                        UNITED STATES DISTRICT COURT

                          DISTRICT OF NEW HAMPSHIRE


David A. Perry,
        Plaintiff

        v.                                 Civil No. 04-46
                                           Opinion No. 2004 DNH 072
Virginia C. Beecher, Director,
New Hampshire Department of Motor Vehicles,
        Defendant


                              O R D E R


        In 2000, following his guilty plea, plaintiff was convicted

in state court for driving under the influence of intoxicants,

second offense.  Based upon that and prior convictions, he was

certified as a habitual offender.  See N.H. Rev. Stat. Ann.

("RSA") 262:19.  As part of his criminal sentence, plaintiff's

driver's license was suspended for three years.


        Plaintiff was also charged, administratively, with having

refused to submit to a breathalyzer test, as required by New

Hampshire's implied-consent law, RSA 265:84.  See also RSA

265:92.  His driver's license was automatically suspended for an

additional two years for failing to submit to the test, and that

suspension was upheld by a hearings officer on appeal.  Plaintiff

then appealed the hearings officer's decision to the New Hampshire Superior Court, which upheld the suspension. Finally, plaintiff sought review by the New Hampshire Supreme Court, but his appeal was declined.

In May of 2003, plaintiff petitioned to have his habitual offender status removed. See RSA 262:24. Following an administrative hearing, plaintiff was "de-certified" as a habitual offender, and the three-year suspension of his driver's license occasioned by that status was terminated early. The early termination order did not, however, result in restoration of plaintiff's driver's license, because the two-year administrative suspension (for refusing the breathalyzer test) must, by statute, be served consecutively to any other penalty. RSA 265:92 II. The hearings officer's order granting relief from the habitual offender suspension (but enforcing the implied consent suspension) notified plaintiff of his right to appeal the decision to the New Hampshire Superior Court.

Plaintiff availed himself of that right and sought judicial review in the Superior Court by filing a "Petition for Writ of

2

Habeas Corpus, Mandamus, or other Alternative Relief." In that petition, he directly challenged the constitutionality of the consecutive (administrative) two-year license suspension under RSA 265:92, asserting that it constituted "excessive punishment," violated his right not to be twice exposed to jeopardy for the same offense, and violated his rights to due process of law. See Exhibit E, Defendant's Motion to Dismiss (document no. 6). By order dated August 12, 2003, the Superior Court concluded that plaintiff's allegations failed to give rise to any viable constitutional claims, noting that the administrative suspension of plaintiff's driver's license was not a criminal penalty, nor was it imposed in a criminal proceeding. Accordingly, the court granted the State's motion to dismiss the petition, thereby denying plaintiff any of the relief he sought.

Plaintiff moved the Superior Court to reconsider its decision. That motion was denied. He then sought review by the New Hampshire Supreme Court, which declined to hear his appeal. Plaintiff moved the Supreme Court to reconsider, but that motion was also denied. Plaintiff did not seek a writ of certiorari in the United States Supreme Court but, instead, filed suit in this

3

court, rasing the same constitutional challenges to the administrative suspension of his driver's license that he previously raised in state court.

Defendant moves to dismiss on alternative grounds, but one will suffice. Because plaintiff has already litigated his federal constitutional claims in the State's courts, those claims are now barred by the doctrine of res judicata.

As the court of appeals for this circuit has noted, the preclusive effect of state court judgments is determined by state law. See N.H. Motor Transp. Ass'n v. Town of Plaistow, 67 F.3d 326, 328 (1st Cir. 1995). Under New Hampshire law, the "doctrine of res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." In re Alfred P., 126 N.H. 628, 629 (1985). Having already litigated (and lost) his federal constitutional challenges to the two-year administrative suspension of his driver's license in state court, plaintiff is precluded from relitigating those claims in this court.

Parenthetically, the court notes that even if it were to address plaintiff's claims on the merits, he could not prevail. Plaintiff's double jeopardy claim is without substance. As noted above, the administrative forfeiture of a New Hampshire driver's license is neither a criminal punishment, nor is it the product of a criminal proceeding. See, e.g., State v. Drewry, 141 N.H. 514 (1996); State v. Cassady, 140 N.H. 46 (1995). The Double Jeopardy Clause of the Fifth Amendment only prohibits the imposition of multiple criminal punishments for the same offense, and is not implicated by proceedings - like those at issue here - that are not "essentially criminal." Breed v. Jones, 421 U.S. 519, 528 (1975). See also Hudson v. United States, 522 U.S. 93 (1997).

Plaintiff's "excessive punishment" claim is likewise without merit. The two-year administrative forfeiture of a driver's license for failure to comply with the State's implied consent law is not so excessive or disproportionate as to implicate the Eighth Amendment's prohibition against excessive fines or cruel and unusual punishment. See, e.g., State v. Fitzgerald, 137 N.H. 23 (1993). See also United States v. Bajakajian, 524 U.S. 321,

5

334 (1998) ("a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.").[1]

As to plaintiff's claim that his driver's license was administratively suspended without due process (that is, upon proof less than that required in a criminal proceeding), it too lacks any merit. The New Hampshire Supreme Court has repeatedly held that the administrative suspension of a New Hampshire driver's license is not the product of a criminal proceeding, nor is the suspension itself a criminal punishment. Consequently, the State need not have proved plaintiff's failure to comply with the implied consent law "beyond a reasonable doubt."

Finally, plaintiff's claim for monetary damages from a state official is barred by the Eleventh Amendment.

---

[1] New Hampshire law provides that the failure to submit to a breathalyzer test shall result in the administrative suspension of an individual's driver's license for a period of 180 days. If, however, the person has a prior conviction for driving while intoxicated or if that person has previously refused to submit to a breathalyzer test, his or her license shall be suspended for two years. RSA 265:92 I. Plaintiff fell into the latter category.

6

## Conclusion

The defendant's motion to dismiss (document no. 6) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 23, 2004

cc:  David A. Perry
     Andrew B. Livernois, Esq.