## STATE *v.* SIAS.

It is irregular to present a statement of facts for the consideration of the court, upon which the court can render no judgment and make no order.

Where one had been tried upon an indictment charging him with larceny, and acquitted; and he was afterward charged with conspiring with others unlawfully to obtain the goods for which the larceny was charged in the first indictment;—*Held*, that the acquittal, upon the former charge, was no bar to the latter—the offence charged being entirely distinct.

INDICTMENT, for obtaining property by a conspiracy with the other defendants, named in the bill. The attorney-general and the counsel for the defendants agreed upon the following statement of facts :

The defendant, with Ephraim Lord and John Keay, were, at the February term of the common pleas, tried upon an indictment for larceny, and Lord was convicted and sentenced. The defendant and Keay were acquitted.

The facts alleged and proposed to be proved in this case are precisely the same facts, and same obtaining of the same property as the facts and taking of property which constituted the larceny in the former indictment. The defendant objects to being tried again for the same, and contends that upon the same facts he cannot be convicted of this charge.

*Bell, Hale & Bartlett*, for the defendant, cited 11 Pick. 134, *Commonwealth* v. *Curtis ;* 1 Ch. Crim. Law 455; 2 Johns. 75, *People* v. *Barrett ;* 2 East Crim. Law 522; 9 East 437, *Rex* v. *Emden ;* Ros. Crim. Ev. 234; 1 Brod. & Bing. 153, *Rex* v. *Frances Clark.*

*Walker*, Attorney-General, for the State.

PARKER, C. J. This case is presented to us in a some-

what irregular course of proceeding. There is neither plea nor motion, nor any thing upon which we may render judgment, or make an order. The defendant objects, substantially, that the attorney-general should not put him to plead. We cannot say that he shall, or shall not do so.

If the objection could be regarded as a motion to quash the indictment, it must fail. It is, in substance, a former acquittal of the same offence, which is a proper subject matter for a plea, and not for a motion. To save delay, however, and the expense of sending the case back for plea and trial, which might result in another presentation of these facts in a more technical manner, we have considered the statement, and are of opinion that the objection, if it were in a more formal shape, cannot be sustained. The offence charged in this indictment is not the same as that charged in the former, and of which the defendant has been acquitted; nor is it included in the former. The defendant could not have been convicted of a conspiracy on the former indictment. He cannot be convicted of larceny on this. The proof in the former case may have shown Lord to be guilty of larceny, and the defendant and others of a conspiracy, but the acquittal was of the larceny charged, and not of the conspiracy, which was not charged; and of which, for that reason, the defendant could neither have been acquitted nor convicted in that case. An acquittal of an offence, charged as larceny, cannot be pleaded in bar to an indictment for the same offence, charged as a false pretence. 1 Car. & M. 328, *Rex* v. *Henderson.* In the case of *Crosby* v. *Long,* 12 East 415, Lord *Ellenborough* remarked: "It often happens that, after an acquittal of the felony, the defendant is tried for the misdemeanor, upon the same evidence." And in 2 East P. C. 519, it is laid down that *autrefois acquit* cannot be pleaded, unless the facts charged in the second indictment would, if true, have

---

sustained the first. The same principle has been frequently recognized by courts and writers. 1 Chit. Crim. Law 452, 456; 12 Pick. 496, *Commonwealth* v. *Roby;* 1 Russ. on Crimes 829, 831, 836; 7 C. & P. 575, *Rex* v. *Plant;* 1 Cov. & Hug. Dig. 786, XXIII. 4, 8.