Portsmouth Municipal Court,
Apr. 7, 1953. } No. 4188.

STATE *v.* SAMUEL SMITH.

*Thomas E. Flynn, Jr.,* city solicitor, and *Warren E. Waters,* Assistant Attorney General, (*Mr. Flynn* orally), for the State.

*Arthur J. Reinhart,* for the respondent, filed no brief.

DUNCAN, J. The respondent's motion to dismiss raises the defense of former jeopardy. The issue is whether he has previously been tried for the offense now charged. It is apparent that the complaint upon which he was formerly acquitted was based, as the motion alleges, upon "the same set of facts" alleged in the pending complaint, except for the allegation that the child was put in fear. But "the test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense." *Morey* v. *Commonwealth,* 108 Mass. 433, 434. Accord, *State* v. *Brooks,* 215 Wis. 134. It must appear that the offense previously charged was the "same *in law* and *in fact.*" *Commonwealth* v. *Roby,*

12 Pick. 496, 504. See also, *Commonwealth* v. *DiStasio,* 297 Mass. 347, 356.

The first complaint charged violation of R. L., c. 449, s. 3, by which "open, gross lewdness or lascivious behavior" is made a mis-demeanor. *State* v. *Burgess,* 77 N. H. 170. This is one of the "offenses against chastity." R. L., c. 449. The gist of the offense is lustful con-duct, tending by its probable disclosure and shamefulness to debase the standard of public morals. *State* v. *Franzoni,* 100 Vt. 373; *State* v. *Parker,* 233 Mo. App. 1037; *Commonwealth* v. *Cummings,* 273 Mass. 229; 53 C.J.S. 8, 9. The adjective "open," which was not em-bodied in the complaint dismissed, refers to the quality of the act, rather than the place where committed. *State* v. *Juneau,* 88 Wis. 180; *Commonwealth* v. *Wardell,* 128 Mass. 52. Assault is not an essential element of the offense. See *State* v. *Burgess, supra; State* v. *Jacob-son,* 197 Ia. 547, 552.

The offense now charged is assault, which under R. L., c. 455, s. 22, is likewise a misdemeanor. This is an offense "against the person" (R. L., c. 455, *supra*), the gist of which is the unlawful touching of the person of another. An overt act involving threat or use of phys-ical force is a necessary element. 6 C.J.S. 917, 918. The public inter-est is in protection of the right to freedom from interference with the person, rather than the preservation of moral standards. No re-quirement that the act shall be lustful, shameful, or indecent is im-posed.

From what has been said it sufficiently appears that the offenses charged by the two complaints are distinct, although in this instance arising out of the same acts. Conviction or acquittal of one is no bar to prosecution for the other. 1 Wharton, Crim. Law (12th *ed.*) 564. The respondent was acquitted of gross lewd behavior, not of assault. As established by the early case of *State* v. *Sias,* 17 N. H. 558, 559, 560, the rule of former jeopardy affords no defense "unless the facts charged in the second [complaint] would, if true, have sus-tained the first." The rule was recently applied in *State* v. *Donovan,* 97 N. H. 190, 192. While the same acts may form a part of each offense, the statute in each case requires proof of a distinguishing element, which the other does not. See *Morey* v. *Commonwealth, supra; Gavieres* v. *United States,* 220 U. S. 338. In the one case it is unconcealed lewdness. In the other it is physical violence, however slight, or the threat thereof. The respondent's motions should be denied.

*Case discharged.*

All concurred.