Hillsborough
No. 85-079

### THE STATE OF NEW HAMPSHIRE

v.

### RALPH BAILEY

April 11, 1986

*Stephen E. Merrill,* attorney general (*Bradford W. Kuster,* attorney, on the brief and orally), for the State.

*New Hampshire Public Defender,* of Concord (*Sheldon Mirkin* on the brief and orally), for the defendant.

BROCK, J.  The defendant, Ralph Bailey, was charged with two counts of manslaughter, RSA 630:2, I(b) (Supp. 1983), and convicted of negligent homicide, RSA 630:3 (1974) (current version at Supp. 1985), on both counts. He was sentenced by the Trial Judge (*Dalianis,* J.) to two consecutive terms of imprisonment. He appeals both from the convictions and from the imposition of consecutive sentences. For the reasons stated below, we affirm.

On July 30, 1982, the defendant, while driving drunk, struck a vehicle driven by Susan Beaulieu. As a result, her children Kathryn and Nathan, passengers in the car, were killed. The defendant was indicted for and tried on two counts of manslaughter. The jury convicted him of two counts of negligent homicide. He was thereafter sentenced to two consecutive terms of three and one-half to seven years.

The defendant raises three issues on appeal. First, he maintains that prosecution or conviction on two counts of manslaughter or negligent homicide arising from only one act violates the double jeopardy clause of the New Hampshire Constitution. N.H. CONST. pt. I, art. 16. Second, the defendant asserts that consecutive sentencing in this case violates the federal double jeopardy clause, U.S. CONST. amends. V, XIV, because it exceeds the maximum punishment intended by the legislature. Finally, he argues that consecutive sentencing in the absence of clear legislative intent violates "applicable principles of statutory construction."

The defendant first argues that since he committed only one negligent act, that of driving an automobile while intoxicated, he may be prosecuted on and convicted of only one count of manslaughter or negligent homicide in spite of the fact that his negligent act caused more than one death. He grounds this argument solely on our State Constitution's double jeopardy clause. We thus consider only the State Constitution and cases interpreting it, though we may employ decisions from other jurisdictions as aids in our analysis.

In prior cases, we have enunciated two formulae for determining whether a defendant was twice tried and convicted for the same offense, to wit: the same evidence test, *see State v. Gosselin*, 117 N.H. 115, 118, 370 A.2d 264, 267 (1977), and the same in law and fact test, *see State v. Heinz*, 119 N.H. 717, 720, 407 A.2d 814, 816 (1979).

In *Heald v. Perrin*, 123 N.H. 468, 464 A.2d 275 (1983), we stated that "the 'same evidence' and 'same in law and fact' tests have been virtually identical as applied in this State." *Id.* at 472, 464 A.2d at 277. We went on in that case to note that: "it is clear . . . that whether the 'same evidence' or 'same in law and fact' tests have been employed, inquiry in each case has centered on what evidence will be required at trial to prove the elements of the crimes[,]" *id.* at 473, 464 A.2d at 278, and held that "the benchmark of the double jeopardy test in this State [is] an inquiry focusing on whether proof of the elements of the crimes *as charged* will in actuality require a difference in evidence." *Id.* (Emphasis in original.) Thus, the question for decision becomes whether the deaths of two individuals resulting from one episode of drunken driving give rise to one offense or two offenses requiring a difference in proof under the statute.

Other jurisdictions are divided on this issue, some holding that a defendant may be convicted on only one count of negligent homicide under these circumstances, *see, e.g., People v. Holtz*, 19 Ill. App. 3d 781, 313 N.E.2d 234 (1974) (involuntary manslaughter), and others holding that a defendant may be tried and convicted on as many counts as there are victims, *see, e.g., State v. Rabe*, 96 Wis. 2d 48, 291 N.W.2d 809 (1980). The weight of authority, however, seems to support the latter position. *Id.* at 74–76, 291 N.W.2d at 821–22.

We believe that the essential question is whether "the facts charged in the second indictment would, if true, have sustained the first." *State v. Sias*, 17 N.H. 558, 559–60 (1845). *See also State v. Smith*, 98 N.H. 149, 150, 95 A.2d 789, 791 (1953). An indictment charging the defendant with causing the death of Nathan Beaulieu obviously could not have been used to convict him of causing the death of Kathryn Beaulieu, and vice versa. The common-sense notion that two deaths should support two convictions is reinforced by the plain language of the statute: "A person is guilty of a class B felony *when he causes the death of another*: . . . [n]egligently; or [i]n consequence of his being under the influence of intoxicating liquor or controlled drug while operating a propelled vehicle, as defined in RSA 637:9, III . . ." RSA 630:3 (1974) (current version at Supp. 1985) (emphasis added). We note in passing that the statute has been amended in a manner irrelevant to the questions at issue in this case. The phrase "death of

another" indicates to us that the legislature intended that the death of more than one person under the circumstances described in the statute could result in multiple charges of negligent homicide. Were this not so, we believe that the legislature would have indicated its intention by phrasing the statute differently, *e.g.*, "causes the death of one or more persons," or the like. Given that each count requires proof of a fact not necessary to the other, we hold that the defendant has not been placed in jeopardy twice for the same offense.

Defendant next argues that imposition of multiple consecutive sentences on two counts of negligent homicide exceeds the maximum punishment intended by the legislature, thereby violating the double jeopardy clause of the fifth amendment to the United States Constitution.

■ The federal double jeopardy clause protects a defendant's rights in three ways: "First, it protects against a second prosecution for the same offense after an acquittal. Second, it protects against a second prosecution for the same offense after a conviction. Third, it protects against multiple punishments for the same offense." *Whalen v. United States*, 445 U.S. 684, 700 (1980) (Rehnquist, J., dissenting) (citations omitted). It is the third of these categories of protection which is involved here. More specifically, we seek to discover what the legislature intended the correct scope and level of prosecution to be under RSA 630:3 (1974) (current version at Supp. 1985) in a case of this sort. *See Bell v. United States*, 349 U.S. 81 (1955).

■ Determination of the proper unit of prosecution is a function of the legislature's intent. *See Bell, supra* at 82. Thus, the touchstone of whether the double jeopardy clause is violated in this context is the legislature's articulated intent, *see Albernaz v. United States*, 450 U.S. 333, 344 (1981); and the so-called rule of lenity, which forbids interpretation of a federal criminal statute so as to increase the statutory penalty where Congress' intent is unclear, is applicable only where statutory ambiguity has been found. *See id.* at 342. "Lenity thus serves only as an aid for resolving an ambiguity; it is not to be used to beget one." *Id.* Since we have found that the statute on its face involves no ambiguity, the rule of lenity is irrelevant. Legislative intent to permit multiple charges having been found above, *and see Blockburger v. United States*, 289 U.S. 299, 304 (1932), the constitutional issue is thereby resolved. *See Albernaz, supra* at 344. We reject defendant's argument in view of our finding that the plain meaning of RSA 630:3 (1974) (current version at Supp. 1985) indicates that the "death of another" is intended to refer to the death of one individual, and that where two or more persons

die as the result of a defendant's negligent behavior, two or more counts may be brought against him.

Defendant's final argument, that a construction of the statute such as we have described violates principles of statutory construction, is without merit. RSA 625:3 states that "[a]ll provisions of this code shall be construed according to the fair import of their terms and to promote justice." The defendant claims that our construction of RSA 630:3 (1974) (current version at Supp. 1985) would result in disproportionality of sentences for essentially the same conduct, citing the "fortuitous" nature of the number of persons killed in any given instance of drunken driving. He states that such a result would be "irrational." We believe that the defendant's argument is logically flawed in that it was as much a matter of chance that anyone at all was killed as the result of defendant's negligent behavior as that multiple individuals were killed. To the defendant's fortuity argument, we can only say as did the District of Columbia Court of Appeals: "That appellant's conduct would have resulted in the tragedy which occurred was not fortuitous but, unhappily, was almost inevitable. The combination of an undue ingestion of alcohol and the resultant mishandling of automobiles causes awesome carnage on our highways daily. In fairness it can be said that appellant could hardly have chosen a means which would have been more likely to result in injury to many persons." *Murray v. United States*, 358 A.2d 314, 321–22 (D.C. 1976).

The presence in our criminal statutes of rules governing both driving while intoxicated, RSA 265:82 (1982) (current version at Supp. 1985), and negligent homicide caused by driving while intoxicated, RSA 630:3 (1974) (current version at Supp. 1985), further reinforces our view that the intent of the latter statute is to punish defendants who kill in the course of their drunken sprees. The intent of the latter statute, we believe, is to protect individuals from drunken drivers by punishing defendants whose behavior results in death. This view, when combined with the plain meaning of the statute, indicates to us that multiple charges may be brought when there are multiple victims. The convictions and sentences are affirmed.

*Affirmed.*

All concurred.