Belknap
No. 90-610

THE STATE OF NEW HAMPSHIRE

v.

LEONARD CONSTANT

February 28, 1992

*John P. Arnold*, attorney general (*Brian R. Graf*, assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Leonard Constant, arguing double jeopardy violations under both the United States and New Hampshire Constitutions, appeals his conviction in the Superior Court (*Murphy*, J.) of possession of a controlled drug stemming from the same incident which led to a previous conviction of "transportation" of a controlled drug. We reverse.

On March 15, 1990, the defendant was charged with possession of a controlled drug in violation of RSA 265:80 ("transportation"), and convicted on April 18, 1990. At the time of his arrest, he was also charged with possession of a controlled drug in violation of RSA 318-B:2 and :26, II(a) (Supp. 1991) ("possession"), for which he was indicted on May 24, 1990. (RSA 318-B:2 describes the offense of possession, while RSA 318-B:26 provides the penalty for, *inter alia*, possession.) Following the Superior Court's (*O'Neil*, J.) denial of his motion to dismiss under the double jeopardy provisions of the fifth and fourteenth amendments of the United States Constitution and part I, article 16 of the New Hampshire Constitution, the defendant stipulated to certain facts and was found guilty.

The defendant claims that his conviction of felony possession, pursuant to RSA 318-B:2 and :26, II(a) (Supp. 1991), is barred by the federal and State constitutional double jeopardy provisions since it is a lesser-included offense of the misdemeanor transportation charge, RSA 265:80. The State counters that the two offenses have different elements, and, therefore, the defendant was not tried and convicted twice for the same crime.

We begin by first evaluating the defendant's State constitutional claims, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), using decisions of the United States Supreme Court and other jurisdictions only as aids in our analysis, *State v. Cimino*, 126 N.H. 570, 572–73, 493 A.2d 1197, 1200 (1985) (citing *Michigan v. Long*, 463 U.S. 1032, 1039–41 (1983)). Thereafter, federal constitutional issues need only be addressed insofar as federal law would provide greater protection to the defendant. *Ball*, 124 N.H. at 232, 471 A.2d at 351.

 Part I, article 16 of the New Hampshire Constitution provides that "[n]o subject shall be liable to be tried, after an acquittal, for the same crime or offense." This provision protects the accused from prosecution for the same crime, not only after acquittal, but also after conviction. *Grady v. Corbin*, 495 U.S. 508, — (1990) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Two offenses will be considered the same unless each requires proof of an element that the other does not. *State v. Moses*, 128 N.H. 617, 620, 517 A.2d 839,

841 (1986) (citing *State v. Gosselin*, 117 N.H. 115, 117, 370 A.2d 264, 267 (1977); *State v. Smith*, 98 N.H. 149, 150, 95 A.2d 789, 791 (1953)); *State v. Cimino*, 126 N.H. at 576, 493 A.2d at 1202. Greater and lesser-included offenses are the "same" for double jeopardy purposes because all elements of the lesser offense are included in the greater offense. *Moses*, 128 N.H. at 620, 517 A.2d at 841. "As a general rule, therefore, it is a violation of double jeopardy protection to prosecute for a greater offense after a conviction or acquittal for the lesser-included one." *Id.*; *see also Brown v. Ohio*, 432 U.S. 161, 169 (1977) (sequence of prosecution of greater and lesser-included offenses immaterial).

 In determining whether one offense is a lesser-included offense of another charge, we first look to the elements of each statute. *State v. Hall*, 133 N.H. 446, 449, 577 A.2d 1225, 1226 (1990). When considering the issue of double jeopardy, a subsequent prosecution is permissible only if "'proof of the elements of the crimes *as charged* will in actuality require a difference in evidence.'" *State v. Stratton*, 132 N.H. 451, 454, 567 A.2d 986, 988 (1989) (quoting *State v. Bailey*, 127 N.H. 811, 813, 508 A.2d 1066, 1068 (1986), itself quoting *Heald v. Perrin*, 123 N.H. 468, 473, 464 A.2d 275, 278 (1983)) (emphasis in original).

In the case at bar, the defendant was charged with transportation of cocaine, pursuant to RSA 265:80. This statute provides that:

> "Any person who drives on any way a vehicle while knowingly having in his possession or in any part of the vehicle a controlled drug in violation of the provisions of RSA 318-B shall be guilty of a misdemeanor . . . ."

After being convicted by the district court on this count, the defendant was charged in the superior court, under RSA 318-B:2 and :26, II(a) (Supp. 1991), with possession of cocaine. The penalties for felony possession are prescribed by RSA 318-B:26 (Supp. 1991):

> "II. Any person who knowingly or purposely . . . possesses . . . any controlled drug . . . shall be sentenced as follows . . .
> (a) In the case of a controlled drug or its analog, classified in schedules I, II, III, or IV, . . . the person shall be guilty of a class B felony . . . .
> (b) In the case of a controlled drug . . . in schedule V, the person [is guilty of a felony]."

The defendant contends that the charge of possession, RSA 318-B:2 and :26, II(a) (Supp. 1991), is a lesser-included offense because

all elements of that charge were proven with his conviction of the transportation offense, RSA 265:80. The State argues that the possession charge is not a lesser-included offense of the transportation charge because the transportation statute refers to all controlled drugs in RSA chapter 318-B, whereas the felony punishment provisions allow the State to charge the defendant with possession only of specific controlled drugs as set forth in schedules I–V. The State concludes that since it is *possible* to charge the defendant with transportation of a controlled drug not listed in schedules I–V, the felony statute requires proof of a different element than the misdemeanor statute. However, the mere possibility that the State could have charged the defendant with misdemeanor transportation of a controlled drug different from those controlled drugs defined in the felony possession statute does not answer the question whether the defendant was in fact charged with two distinct offenses. As noted above, we must look to and compare the statutory elements in light of the actual charges lodged against the defendant.

The misdemeanor complaint alleges that

> "the defendant did drive a motor vehicle . . . upon a public way . . . and did knowing [*sic*] have in his possession a quantity of a narcotic drug to-wit cocaine."

Similarly, the felony indictment, under which the State subsequently sought to prosecute, charges that the defendant

> "did knowingly have in his possession . . . a quantity of a narcotic drug, a white powdery substance more commonly known as cocaine . . . ."

■ A comparison of the complaint and indictment reveals that the only distinction between the two charges is the necessity of proving under RSA 265:80 that the defendant was "driv[ing] on any way a vehicle," an element that need not be proved under RSA 318-B:26, II(a) (Supp. 1991). Therefore, since the possession charge lacks any element that is not common to the transportation charge, it is a lesser-included offense of the transportation charge. *See Moses*, 128 N.H. at 620, 517 A.2d at 841.

■ The State further argues that "the misdemeanor offense could have been sustained by evidence of the possession of the cocaine in the bottle in the car or by the cocaine on his person and vice versa," and, therefore, each charge was supported by separate evidence. However, because the State failed to articulate this argument to the trial court we do not address this issue. *State v. Santana*, 133 N.H. 798, 807–09, 586 A.2d 77, 83–84 (1991).

The defendant may not be tried and convicted twice for the same offense; hence, we must reverse his conviction of the possession charge and dismiss the indictment. In view of this result, reached under the State Constitution, we need not address the defendant's fifth amendment claim.

*Reversed; indictment dismissed.*

All concurred.