Hillsborough
No. 92-089

### THE STATE OF NEW HAMPSHIRE

v.

### JEFFREY A. BROOKS

August 19, 1993

*Jeffrey R. Howard,* attorney general (*Mark S. Zuckerman,* assistant attorney general, on the brief, and *William H. Lyons,* senior assistant attorney general, orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J.   The defendant, Jeffrey A. Brooks, was convicted in Superior Court (*Barry,* J.) of driving a motor vehicle after he had been certified as an habitual offender. RSA 262:23 (Supp. 1992). He appeals, arguing that his constitutional protections against being placed in double jeopardy were violated when he was convicted of driving after certification as an habitual offender after being convicted of driving while intoxicated, RSA 265:82, I(a) (Supp. 1992), based on a single act of operating his motor vehicle. We affirm.

The defendant was arrested on April 27, 1991, and charged with driving while intoxicated (DWI) and driving after certification as an

habitual offender. On June 6, 1991, he was convicted of DWI, and he was subsequently convicted of violating the habitual offender statute.

On appeal, the defendant argues that the prosecution for violating the habitual offender statute is barred by part I, article 16 of the New Hampshire Constitution and by the fifth amendment to the Federal Constitution. Both convictions stem from the defendant's single act of driving a motor vehicle. The defendant claims that since there was only one act, the same evidence was used to prove both charges, and thus, the second conviction constitutes double jeopardy.

■ We will first address the defendant's claim under the New Hampshire Constitution. *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983). "[T]he benchmark of the double jeopardy test in this State [is] an inquiry focusing on whether proof of the elements of the crimes *as charged* will in actuality require a difference in evidence." *State v. Bailey*, 127 N.H. 811, 813, 508 A.2d 1066, 1068 (1986) (quotation omitted). Stated another way, "the essential question is whether the facts charged in the second indictment would, if true, have sustained the first." *Id.* (quotation omitted).

The second indictment in this case was for violation of RSA 262:23, and alleged that on or about April 27, 1991, the defendant

> "did knowingly drive a motor vehicle upon a way of this State, to wit: Route 114, Goffstown, New Hampshire, while his permit or privilege to drive was suspended or revoked after having been found to be an habitual offender, and while the order of the Director of the New Hampshire Department of Motor Vehicles declaring Jeffrey A. Brooks [to] be an habitual offender and prohibiting such operation was still in effect[.]"

In contrast, the DWI, second offense, complaint alleged that the defendant "did drive a vehicle, to wit, a 1987 Chevrolet, upon a way, to wit Rte 114 in said Goffstown, while under the influence of intoxicating liquor, having been previously convicted of RSA 265:82 I, in the Peterborough District Court on August 8, 1987[.]"

■ The facts charged in the habitual offender indictment could never sustain a conviction for DWI. The statutes contain the common elements of driving a vehicle and driving on a way. *See* RSA 259:125 (Supp. 1992) (defining way). For the DWI charge, the State had to prove that the defendant was under the influence of intoxicating liquor in addition to proving the defendant drove a vehicle on a

way. The habitual offender charge, however, alleged only that the defendant drove a vehicle on a way after he was certified to be an habitual offender, and while a department of transportation order prohibiting him from driving was in effect. We hold that the prosecution and subsequent conviction of the habitual offender charge were not barred by part I, article 16 of the New Hampshire Constitution. Likewise, the DWI charge required proof of elements not contained in the habitual offender charge, and double jeopardy would not bar prosecution of the DWI charge after the State obtained a conviction for violating the habitual offender statute.

■■ The defendant's federal claim is based on the "same conduct" test enunciated in *Grady v. Corbin*, 495 U.S. 508 (1990). The United States Supreme Court, however, overruled *Grady* in *United States v. Dixon*, 113 S. Ct. 2849, 2864 (1993), after the filing of briefs in this case. *See State v. Jimenez*, 137 N.H. 450, 453, 629 A.2d 785, 787–88 (1993). Therefore, we will analyze the defendant's double jeopardy claim under *Blockburger v. United States*, 284 U.S. 299 (1932). Under *Blockburger*, the inquiry is whether each offense contains an element not contained in the other. *Blockburger*, 284 U.S. at 304. The conviction for violating the habitual offender statute required proof of an element not contained in the DWI charge, *i.e.*, that the defendant had been certified as an habitual offender and that the department of motor vehicles order prohibiting operation was still in effect at the time the defendant was arrested. Accordingly, the defendant's conviction for violating the habitual offender statute is not barred by the fifth amendment to the Federal Constitution. Nor would a conviction for DWI be barred following a conviction for violating the habitual offender statute.

*Affirmed.*

All concurred.