Grafton
No. 95-738

THE STATE OF NEW HAMPSHIRE

v.

DUANE CRATE

December 10, 1996

490

*Jeffrey R. Howard*, attorney general (*John P. Kacavas*, assistant attorney general, on the brief and orally), for the State.

*George H. Ostler*, of Norwich, Vermont, by brief and orally, for the defendant.

BRODERICK, J. The defendant, Duane Crate, was indicted separately on five charges of aggravated felonious sexual assault. *See* RSA 632-A:2, I (Supp. 1994) (amended 1995). The jury acquitted the defendant of two charges and deadlocked on the remaining three. In this interlocutory appeal, the defendant challenges the Superior Court's (*Smith*, J.) denial of his motion to dismiss the remaining charges on double jeopardy and collateral estoppel grounds. We affirm and remand.

The victim alleged that the defendant in November 1993 assaulted her in a high school locker room by committing non-consensual digital penetration of her vagina and anus and by oral penetration, all within minutes. The State indicted the defendant on five charges of aggravated felonious sexual assault: digital penetration of the victim's anus through physical force, *see* RSA 632-A:2, I(a) (1996); digital penetration of the victim's anus through surprise, *see* RSA 632-A:2, I(i) (1996); digital penetration of the victim's vagina

through physical force, *see* RSA 632-A:2, I(a); digital penetration of the victim's vagina through surprise, *see* RSA 632-A:2, I(i); and oral penetration through the application of physical force, *see* RSA 632-A:2, I(a). The jury acquitted the defendant on both of the indictments alleging penetration through surprise. The jury deadlocked on the three remaining indictments and the court declared a mistrial.

The defendant now contends that prosecution of the three remaining indictments is barred under both the State and Federal Constitutions by principles of double jeopardy and collateral estoppel. We first address the defendant's State constitutional arguments, *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983), citing federal law only as an aid to our analysis, *State v. Lucius*, 140 N.H. 60, 63, 663 A.2d 605, 609 (1995). Because under the Federal Constitution the "same elements" test for double jeopardy, *see Blockburger v. United States*, 284 U.S. 299, 304 (1932), and the standards for collateral estoppel, *see Ashe v. Swenson*, 397 U.S. 436, 443 (1970), provide the defendant no greater protections in this instance than the State Constitution, *see State v. Brooks*, 137 N.H. 541, 543, 629 A.2d 1347, 1349 (1993) (double jeopardy); *State v. Cassady*, 140 N.H. 46, 48, 662 A.2d 955, 957-58 (1995) (collateral estoppel), we need not undertake a separate analysis of the defendant's federal law claims.

Part I, article 16 of the New Hampshire Constitution protects an accused against "multiple prosecutions and multiple punishments for the same offense." *State v. Fitzgerald*, 137 N.H. 23, 25, 622 A.2d 1245, 1246 (1993). The defendant argues that notwithstanding the variants of aggravated felonious sexual assault listed under RSA 632-A:2, the statute actually sets forth only one offense and, this being so, the State can not retry him on the remaining indictments after a jury acquitted him on the charges alleging penetration through "surprise."

Under our constitution, "[t]wo offenses will be considered the same unless each requires proof of an element that the other does not." *State v. Constant*, 135 N.H. 254, 255, 605 A.2d 206, 207 (1992). By its plain language, each of the statutory variants of aggravated felonious sexual assault listed under RSA 632-A:2, I, requires proof of an element or elements the others do not. For example, the offenses of which the defendant was acquitted contain the element of surprise, an element not present in the indictments alleging the offense of penetration through the use of physical force. Each statutory variant accordingly represents a separate and distinct offense. *See State v. Fuentes*, 888 P.2d 986, 989 (N.M. Ct. App. 1994), *cert. denied*, 889 P.2d 203 (N.M. 1995).

The defendant nonetheless argues that a second prosecution of the remaining indictments violates part I, article 16 because "a subsequent jury will hear exactly the same evidence as the first jury." The essential inquiry on this point is "whether proof of the elements of the crimes *as charged* will in actuality require a difference in evidence." *State v. Bailey*, 127 N.H. 811, 813, 508 A.2d 1066, 1068 (1986) (quotation omitted). "[W]e review and compare the statutory elements of the charged offenses in light of the actual allegations contained in the indictments." *State v. MacLeod*, 141 N.H. 427, 429, 685 A.2d 473, 476 (1996).

■ In this case, proof of the elements of the crimes as charged requires differing evidence. The "force" indictments allege that the defendant committed the offenses of anal and vaginal penetration "through the actual application of physical force, physical violence or superior physical strength" when he "wrap[ped] his arms around the victim and put his hand down the back of [her] pants," while the "surprise" indictments allege that he "by the element of surprise . . . was able to cause sexual penetration with the victim before [she] had an adequate chance to flee or resist" when he "wrap[ped] his arms around the victim and put his hand down the back of [her] pants." As charged, each set of indictments obliges the State to prove a particular fact not necessary to the other — physical force in the former, surprise in the latter. The elemental evidence required to prove each of the "surprise" indictments, on which the jury acquitted the defendant, is thus different than that required to prove the "force" and the oral penetration indictments, regardless of the evidence the State elected to produce in support of each charge. *See State v. Stratton*, 132 N.H. 451, 454, 567 A.2d 986, 988 (1989).

That a mistrial resulted from the jury's deadlock on the "force" and oral penetration indictments does not alter our conclusion that the State may retry the defendant on those indictments. While an accused has the right to a trial completed by the jury first empaneled and sworn to hear his or her case, the trial court may declare a mistrial without imperiling retrial "if there is a manifest necessity for the act." *State v. Paquin*, 140 N.H. 525, 528, 668 A.2d 47, 49 (1995) (quotation omitted). It is well established that a genuinely deadlocked jury presents such a manifest necessity, *see Richardson v. United States*, 468 U.S. 317, 324 (1984), and the defendant in this case does not offer persuasive arguments to the contrary.

We turn next to the defendant's collateral estoppel argument. The defendant contends that "all pleadings and the actual defense

presented to the jury consistently alleged fabrication on the part of the complainant," and this fact, taken together with the trial court's jury charge, estops the State from retrying the defendant "for acts alleged to have occurred in the locker room."

■ Part I, article 16's protections against double jeopardy incorporate the doctrine of collateral estoppel. *See Cassady*, 140 N.H. at 48, 662 A.2d at 958; *State v. Fielders*, 124 N.H. 310, 312, 470 A.2d 897, 898 (1983). In the criminal context, collateral estoppel means that when an issue of ultimate fact has been determined by a valid and final judgment, such as an acquittal, that issue cannot again be litigated between the same parties in any future prosecution. *See Cassady*, 140 N.H. at 48, 662 A.2d at 958. The defendant has the burden of demonstrating that an acquittal necessarily resolved issues which the State, on retrial, would have to prove beyond a reasonable doubt. *United States v. Bailin*, 977 F.2d 270, 280-81 (7th Cir. 1992).

■ The defendant has not carried his burden in this case. To be sure, the acquittals on the "surprise" indictments represent a final judgment with respect to the issue whether the defendant committed aggravated felonious sexual assault by the element of surprise. The acquittals reflect the jury's finding that the State failed to prove "surprise" beyond a reasonable doubt. They reveal nothing, however, about the disposition of an ultimate fact common to the remaining indictments: whether the defendant committed the charged acts by physical force. Consequently, principles of estoppel do not preclude the State from retrying the defendant on the remaining indictments.

*Affirmed and remanded.*

All concurred.