Strafford
No. 95-234

THE STATE OF NEW HAMPSHIRE

v.

DANIEL LIAKOS

April 3, 1998

*Jeffrey R. Howard*, attorney general (*Malinda R. Lawrence*, attorney, by brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, Daniel Liakos, brings an interlocutory appeal from a ruling of the Superior Court (*Mohl*, J.), *see* SUP. CT.

R. 8, denying his motion to dismiss a negligent homicide indictment. RSA 630:3, I (1996). The defendant argues that retrial of this indictment is barred by the Double Jeopardy Clause of the State Constitution. We affirm and remand.

The following facts were adduced at trial. On August 9, 1992, the defendant was driving south on the Spaulding Turnpike. The defendant crossed the double yellow line to pass several vehicles, cut sharply in front of other vehicles, and swerved on the roadway. At one point, the defendant took a sudden ninety degree turn into the opposing lane of traffic and hit the rear of an oncoming vehicle in which the victim was a passenger, causing that vehicle to, in turn, hit another vehicle. As a result of the second collision, the victim was thrown from her vehicle and died.

At the accident scene, while talking to the defendant in his cruiser, a State police officer detected an odor of alcohol. The officer administered a field sobriety test to the defendant, which indicated possible impairment. Another State police officer administered additional field sobriety tests, concluded that the defendant was impaired, and arrested him. Subsequent laboratory tests of a sample of the defendant's blood revealed a blood alcohol content of .0167 and the presence of valium.

On March 11, 1993, an administrative hearing was held at the State Department of Safety, Division of Motor Vehicles, to determine whether to revoke the defendant's license. RSA 263:56, I(g) (1993). The hearings examiner found that the defendant drove in an unlawful and reckless manner, thereby contributing to the fatal accident, and suspended the defendant's driver's license for two years.

The defendant was also indicted on criminal charges arising out of the collision. At trial, the State attempted to prove, *inter alia*, that the defendant committed the following offenses: (1) aggravated driving while intoxicated (aggravated DWI), causing serious bodily injury while under the influence of valium and alcohol, RSA 265:82-a (1993) (amended 1993, 1996); (2) negligent homicide, causing the death of another while under the influence of valium, RSA 630:3, II (Supp. 1992) (amended 1992, 1993); and (3) negligent homicide, causing the death of another by crossing the double yellow line, RSA 630:3, I. At the close of the evidence, the Superior Court (*Dickson,* J.) granted the defendant's motion to dismiss the negligent homicide (valium) indictment. The jury acquitted the defendant of aggravated DWI but was unable to reach a unanimous verdict on the negligent homicide (yellow line) indictment. As a result of the deadlock, the trial judge declared a mistrial on the yellow line indictment.

Thereafter, the defendant moved to dismiss the indictment on the grounds that a retrial would violate double jeopardy principles of the State Constitution. The trial court denied the motion. The defendant appeals.

The defendant advances three arguments in support of his contention that retrial of the yellow line indictment is barred by Part I, Article 16 of the New Hampshire Constitution: (1) retrial would require the jury to hear all of the same evidence that was already heard at the previous trial regarding the valium indictment; (2) negligent homicide (yellow line) is a lesser-included offense of negligent homicide (valium), and dismissal of the latter should operate as an acquittal, barring retrial of the former; and (3) the administrative license suspension resulting from the accident, although civil in nature, actually serves as punishment for purposes of double jeopardy.

*I. Double Jeopardy — Subsequent Prosecution*

██ Part I, Article 16 of the State Constitution protects an accused against "multiple prosecutions and multiple punishments for the same offense." *State v. Crate*, 141 N.H. 489, 491, 686 A.2d 318, 319 (1996) (quotation omitted). It is not, however, an absolute bar to successive trials. *See, e.g., id.* at 492, 686 A.2d at 320; *State v. Duhamel*, 128 N.H. 199, 202, 512 A.2d 420, 422 (1986). When a trial judge declares a mistrial because the jury fails to agree on a verdict, the defendant may be retried "because [the defendant] was neither convicted nor acquitted of the indicted offense." *State v. Berry*, 124 N.H. 203, 207, 470 A.2d 881, 883 (1983).

The defendant argues that because a determination has been made on two of the indictments — an acquittal of the aggravated DWI indictment and a dismissal of the valium indictment — the State is precluded from retrying the remaining indictment. The defendant concedes that the State is permitted to indict a defendant on alternative theories. *See State v. Allison*, 126 N.H. 111, 113, 489 A.2d 620, 621 (1985). The defendant argues, however, that if the State chooses to proceed on alternate theories, it must also accept the risk that if the jury acquits on one theory and deadlocks on the other, the State is, in all cases, precluded from retrial of the remaining theory on double jeopardy grounds. *Cf. State v. Lucius*, 140 N.H. 60, 66, 663 A.2d 605, 609-10 (1995) (concluding that defendant is subject to "jeopardy for all alternative triggering events charged" when State charges elemental evidence in the alternative).

■ Even though a defendant is placed in jeopardy for all alternative elements, the declaration of a mistrial does not necessarily terminate jeopardy for all alternative theories. As in *Richardson v. United States*, 468 U.S. 317 (1984), the defendant's argument here "necessarily assumes that the judicial declaration of a mistrial was an event which terminated jeopardy in his case and which allowed him to assert a valid claim of double jeopardy." *Id.* at 325. To the contrary, in this case, we hold that the failure of a jury to reach a verdict did not terminate jeopardy, *see id.*, but rather results in continuing jeopardy on the remaining indictment.

■ Notwithstanding this conclusion, if the elemental evidence to be presented in the retrial will be the same as that presented during the first trial, dismissal of the valium indictment would serve to bar retrial on the yellow line indictment. *Cf. Crate*, 141 N.H. at 492, 686 A.2d at 320; *Lucius*, 140 N.H. at 65, 663 A.2d at 609 (noting that double jeopardy bars subsequent prosecution for same offense). "Under our constitution, two offenses will be considered the same unless each requires proof of an element that the other does not." *Crate*, 141 N.H. at 491, 686 A.2d at 320 (quotation and brackets omitted). "The essential inquiry on this point is whether proof of the elements of the crimes *as charged* will in actuality require a difference in evidence." *Id.* at 492, 686 A.2d at 320 (quotation omitted).

In making this inquiry, "we review and compare the statutory elements of the charged offenses in light of the actual allegations contained in the indictments." *State v. MacLeod*, 141 N.H. 427, 429, 685 A.2d 473, 476 (1996). RSA 630:3 provides for two variants of negligent homicide. RSA 630:3, I, states that "[a] person is guilty of a class B felony when he causes the death of another negligently." As charged, the yellow line indictment alleged that the defendant

> did negligently cause the death of Christal Quimby . . . in that [he], while operating a . . . motor vehicle . . . crossed over the solid yellow line dividing the north and south bound lanes and collided with a vehicle in which Christal Quimby was a passenger . . . causing this vehicle to spin into the . . . path of a chevrolet truck, said collision causing the death of Christal Quimby, the [defendant] failing to become aware of a substantial and unjustifiable risk that his conduct might cause the death of another.

In this case, the yellow line indictment as charged required the State to prove, *inter alia*, that the defendant was negligent — that

he failed to become aware of a substantial and unjustifiable risk that his conduct might cause the death of another.

■ Proof of the valium indictment, however, does not require proof of negligence. *See State v. Wong*, 125 N.H. 610, 620, 486 A.2d 262, 268 (1984). RSA 630:3, II states that "[a] person is guilty of a class A felony when in consequence of his being under the influence of . . . a controlled drug while operating a propelled vehicle, . . . he causes the death of another." As charged, the valium indictment alleged that the defendant

> did in consequence of his being under the influence of valium, a controlled drug, while operating a 1989 Plymouth Sundance, . . . cause the death of Christal Quimby by striking the rear of the vehicle in which [she] was a passenger, causing said vehicle to lose control, veer into the opposing lane of travel . . . being struck head-on by another vehicle travelling lawfully in the opposite direction, causing injuries which resulted in the death of Christal Quimby.

The valium indictment as charged required the State to prove certain elements — that the defendant was under the influence of valium while operating a vehicle, and that such conduct caused the victim's death — the particular facts of which are not necessary to prove the yellow line indictment. Even though the indictments arise out of the same incident, the evidence required to prove negligence is different than that required to prove that the defendant was under the influence of valium while operating a motor vehicle. *Cf. Lucius*, 140 N.H. at 67-68, 663 A.2d at 610. In short, the elemental evidence required to prove each offense is not the same, *cf. MacLeod*, 141 N.H. at 429, 685 A.2d at 476, "regardless of the evidence the State elected to produce in support of each charge," *Crate*, 141 N.H. at 492, 686 A.2d at 320; *see MacLeod*, 141 N.H. at 429-30, 685 A.2d at 476.

Our conclusion is not altered by the fact that, under the facts of this case, two of the elements of the offenses as charged — causation and death — require proof of the same evidence. The defendant conceded at oral argument that the nexus of crossing the yellow line was not alleged in the valium indictment. Nevertheless, he argues that, under the facts of this case, in order to prove causation, the State would have to introduce testimony that the defendant crossed the yellow line. We agree. As noted above, however, the similarity of evidence used to prove some of the elements does not mean that the

same evidence is required for all of the elements. Accordingly, because each offense requires a difference in evidence, double jeopardy does not attach to bar retrial on the yellow line indictment.

## II. Double Jeopardy — Lesser-Included Offense

The defendant next contends that negligent homicide (yellow line) is a *de facto* lesser-included offense of negligent homicide (valium), and that retrial of the former after dismissal of the latter would violate double jeopardy. The defendant asserts that "[n]egligent homicide (yellow line) does not require any element that negligent homicide (Valium) does not also require." We disagree.

■ By definition, "a lesser-included offense is one which must necessarily be included in the greater offense." *State v. Hall*, 133 N.H. 446, 448-49, 577 A.2d 1225, 1226 (1990) (quotation omitted); *see State v. Constant*, 135 N.H. 254, 256, 605 A.2d 206, 207 (1992). This occurs when "the proof necessary to establish the greater offense will of necessity establish every element of the lesser offense." *Hall*, 133 N.H. at 449, 577 A.2d at 1226 (quotation omitted). In determining whether an offense is a lesser-included one, we traditionally have looked to the statutory elements of the crimes charged. *Constant*, 135 N.H. at 256, 605 A.2d at 207. An offense is lesser-included if the elements of the lesser offense form a subset of the elements of the greater offense. *Hall*, 133 N.H. at 449, 577 A.2d at 1226.

■ As noted above, the negligent homicide (yellow line) offense requires proof of the element of negligence while the negligent homicide (valium) offense does not, and the latter requires proof of the element of "intoxication" while the former does not. *Compare* RSA 630:3, I *with* RSA 630:3, II. Therefore, based upon a comparison of the statutory elements, negligent homicide (yellow line) is not a lesser-included offense of negligent homicide (valium). *Cf. Hall*, 133 N.H. at 450, 577 A.2d at 1227. Even if we were to compare the elements of the crimes as charged, we would reach the same conclusion. *Cf. Constant*, 135 N.H. at 256-57, 605 A.2d at 207-08. Accordingly, dismissal of the valium indictment does not bar retrial on the yellow line indictment.

## III. Double Jeopardy — Prior Administrative Proceeding

Finally, the defendant challenges retrial of the yellow line indictment on the grounds that his license was previously suspended in an administrative hearing, pursuant to RSA 263:56, I(g). The defendant contends that an administrative license suspension is punishment

for purposes of double jeopardy, and that he may not be punished twice for the same offense. The defendant does not dispute that the legislature intended the license suspension process to be civil, not criminal, in nature. He argues, however, that because the license suspension is based upon criminal conduct, and the negligent homicide statute permits license revocation, *see* RSA 630:3, III (1996), the administrative suspension should be considered punitive.

We recently held in *State v. Drewry*, 141 N.H. 514, 687 A.2d 991 (1996), however, that a three-year license suspension, also imposed pursuant to RSA 263:56, I(g), is not "so punitive as to be considered punishment for double jeopardy purposes." *Id.* at 517, 687 A.2d at 994. The defendant's argument here is similar to the defendant's argument in *Drewry. See id.* at 516-17, 687 A.2d at 993-94. We remain unpersuaded that an administrative license suspension, pursuant to RSA 263:56, I(g), is so punitive as to be considered punishment, and therefore conclude that the suspension in this case does not implicate double jeopardy.

*Affirmed and remanded.*

All concurred.