Rockingham
No. 96-185

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM NICKLES

March 16, 2000

674

*Philip T. McLaughlin*, attorney general (*Malinda R. Lawrence*, assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices*, of Chichester (*Mark L. Sisti* on the brief and orally), for the defendant.

BRODERICK, J. In this interlocutory appeal, the defendant, William Nickles, argues that the Superior Court (*Gray*, J.) erred in ruling that he may be tried a second time on an aggravated felonious sexual assault charge, allegedly accomplished by actual application of physical force, physical violence, or superior physical strength, *see* RSA 632-A:2, I(a) (1996), after the jury deadlocked on that charge and the court declared a mistrial. The defendant asserts that double jeopardy bars retrial because the same jury acquitted him of an alternative charge of aggravated felonious sexual assault under circumstances involving false imprisonment, *see* RSA 632-A:2, I(e) (1996), based on the identical underlying charged act. We affirm and remand.

The defendant, a police officer, was charged with two alternative counts of aggravated felonious sexual assault after he allegedly forced an individual to perform fellatio on him. At trial, the State introduced evidence that while on duty and in uniform, the defendant picked up the complainant in the defendant's marked cruiser and transported him to a cul-de-sac. The complainant was not in

custody. The complainant testified that after the two exited the vehicle, the defendant exposed his genitals, grabbed the complainant's shoulders and "pushed [him] down." After the complainant allegedly performed fellatio on the defendant, the defendant drove him home.

The defendant was subsequently indicted on two alternative counts of aggravated felonious sexual assault. One indictment charged the defendant with aggravated felonious sexual assault pursuant to RSA 632-A:2, I(a) (physical force charge or indictment), alleging that the defendant

> did knowingly engage in sexual penetration with another, by overcoming the [complainant] through the actual application of physical force, physical violence, or superior physical strength, in that William Nickles did overcome [the complainant], by forcing him to the ground and having [the complainant], perform fellatio on him . . . .

The other indictment charged him with aggravated felonious sexual assault pursuant to RSA 632-A:2, I(e) (false imprisonment charge or indictment), alleging that he

> did knowingly engage in sexual penetration with another person by causing the [complainant] to submit under circumstances involving false imprisonment, in that William Nickles, a police officer who was on duty at the time of the offense, did have [the complainant], a person who was being transported, perform fellatio on said William Nickles by transporting said [complainant] to a cul-de-sac . . . and by forcing the [complainant] to the ground, thereby substantially interfering with the [complainant]'s physical movement . . . .

After a jury trial, the defendant was acquitted on the false imprisonment charge. The same jury was unable to reach a verdict on the physical force charge, and the Superior Court (*McHugh*, J.) declared a mistrial. The defendant filed a motion to dismiss the physical force indictment, arguing that retrial would violate his double jeopardy protections provided under the State Constitution. The Superior Court (*Gray*, J.) denied the motion and transferred the ruling for our review on an interlocutory basis. *See* SUP. CT. R. 8.

This court's initial decision was withdrawn when we granted a motion for reconsideration. The parties filed supplemental briefs and the case was reargued.

On appeal, the defendant argues that the false imprisonment and physical force indictments as charged comprise the same offense for double jeopardy purposes. He asserts that the double jeopardy protection from multiple prosecutions for the same offense precludes retrial on the physical force indictment. The State contends that double jeopardy analysis is inapplicable when it pursues multiple theories of committing one statutory offense in a single prosecution and the jury acquits the defendant on one theory and deadlocks on the remainder. In essence, the State argues that the original jeopardy for the physical force charge has not terminated. We confine our analysis to the State Constitution because the defendant did not rely on the Federal Constitution below, *see State v. Field*, 132 N.H. 760, 765, 571 A.2d 1276, 1278 (1990), and we rely on federal case law for guidance only, *see State v. Paquin*, 140 N.H. 525, 527, 668 A.2d 47, 49 (1995).

"Part I, Article 16 of the State Constitution protects an accused against multiple prosecutions and multiple punishments for the same offense." *State v. Liakos*, 142 N.H. 726, 729, 709 A.2d 187, 188-89 (1998) (quotation omitted). Double jeopardy concerns may arise in a variety of circumstances. The most common include: (1) the simultaneous prosecution of multiple charges, *see, e.g., State v. Lucius*, 140 N.H. 60, 663 A.2d 605 (1995); and (2) the subsequent prosecution of a charge involving the same underlying conduct previously prosecuted by the State, *see, e.g., State v. Brooks*, 137 N.H. 541, 629 A.2d 1347 (1993).

■ With respect to the first scenario, double jeopardy precludes the State from pursuing multiple charges in a single prosecution when the charges comprise the same offense and the State seeks multiple convictions and thus multiple punishments. *Lucius*, 140 N.H. at 65, 663 A.2d at 609. The State may, however, simultaneously prosecute multiple charges which constitute the same offense based on a single act or transaction provided it seeks a single conviction and each charge alleges a distinct, alternative method of committing the offense. *Id.; State v. Allison*, 126 N.H. 111, 113, 489 A.2d 620, 621 (1985). The State cannot simultaneously pursue multiple charges that are "entirely identical in fact as well as in law." *Allison*, 126 N.H. at 114, 489 A.2d at 621. In addition, the trial court may require the State to elect between alternative charges or, if the State refuses, quash some of the charges, when "trial upon multiple counts or indictments would prejudice either the defendant's ability to prepare to meet the charges or the jury's ability to deal with them intelligently and dispassionately." *Id.* at 114, 489 A.2d at 622.

■ With respect to the second scenario, double jeopardy precludes the State from pursuing a second prosecution stemming from the same conduct or events charged in a previous prosecution provided the charges constitute the same offense. *See State v. Anderson*, 142 N.H. 918, 920, 714 A.2d 227, 229 (1998). In some circumstances, however, the State may pursue a second prosecution if the defendant was acquitted of the greater offense in the first prosecution and the charge in the second prosecution constitutes a lesser-included offense of the first charge. *State v. Pugliese*, 120 N.H. 728, 730, 422 A.2d 1319, 1321 (1980). Further, double jeopardy protections incorporate the doctrine of collateral estoppel, which may bar a second prosecution even if the two charges are not the same offense or the second is a lesser-included of the first. *See State v. Crate*, 141 N.H. 489, 493, 686 A.2d 318, 320 (1996); 5 W. LAFAVE ET AL., CRIMINAL PROCEDURE § 25.1(f), at 647 (2d ed. 1999).

The standard for determining whether multiple charges constitute the "same offense" for double jeopardy purposes is identical regardless of the particular scenario in which a double jeopardy challenge is raised. "[T]wo offenses will be considered the same unless each requires proof of an element that the other does not." *Liakos*, 142 N.H. at 730, 709 A.2d at 189 (quotation omitted). "The essential inquiry on this point is whether proof of the elements of the crimes *as charged* will in actuality require a difference in evidence." *Id.* (quotation omitted). "In making this inquiry, we review and compare the statutory elements of the charged offenses in light of the actual allegations contained in the indictments." *Id.* (quotation omitted). When the State is pursuing a second prosecution, we particularly examine "whether the facts charged in the second indictment would, if true, have sustained the first." *Brooks*, 137 N.H. at 542, 629 A.2d at 1348 (quotation omitted).

■ The case before us is a hybrid of these two common scenarios in which double jeopardy is raised because the State simultaneously pursued alternative charges arising from the same event or transaction and seeks retrial on one indictment because the jury failed to reach a verdict on that charge. As earlier noted, simultaneous prosecution of alternative charges of the same statutory offense is proper as long as the charges are neither identical in fact and law nor prejudicial. *See Lucius*, 140 N.H. at 65, 663 A.2d at 609; *Allison*, 126 N.H. at 113-14, 489 A.2d at 621. In such a case, when a mistrial is granted on one charge due to jury deadlock, an acquittal on the other does not, in itself, bar retrial for the deadlocked charge because jury deadlock prevents original jeopardy from terminating

on that charge. *Liakos*, 142 N.H. at 730, 709 A.2d at 189; *see also Richardson v. United States*, 468 U.S. 317, 325-26 (1984); *United States v. DeVincent*, 632 F.2d 155, 158 (1st Cir. 1980), *cert. denied*, 450 U.S. 984 (1981); *State v. Hartford*, 132 N.H. 580, 583, 567 A.2d 577, 580 (1989) (mistrial based on manifest necessity does not bar retrial on that charge, and jury deadlock is classic example of manifest necessity); 21 AM. JUR. 2D *Criminal Law* § 325 (1998). While collateral estoppel may bar retrial, *see Crate*, 141 N.H. at 493, 686 A.2d at 320, the defendant did not raise it in this case, and therefore we do not address it.

The defendant contends that the instant matter is "about two indictments that in fact allege the same crime committed by means of the same conduct." He essentially argues that the two aggravated felonious sexual assault indictments as charged are "entirely identical in fact as well as in law," *Allison*, 126 N.H. at 114, 489 A.2d at 621, and thus the State should have been precluded from either prosecuting the dual charges at the outset or presenting them to the jury.

The identity in fact and law test recited in *Allison* requires a review similar to the double jeopardy "same evidence" analysis. *Heald v. Perrin*, 123 N.H. 468, 473, 464 A.2d 275, 278 (1983), *superseded on other grounds by* RSA 651:2, II-g. Specifically, to determine whether the physical force and false imprisonment charges are distinct charges, we must determine "whether proof of the elements of the crimes *as charged* will in actuality require a difference in evidence." *Id.; see Allison*, 126 N.H. at 114, 489 A.2d at 621 (citing *Heald* for the identity in fact and law test to apply to alternative charges). We conclude that the two charges are sufficiently distinct such that it was proper for the jury to consider both as alternative methods of committing aggravated felonious sexual assault.

■ We first examine the legal elements required by statute for each charge. We have previously determined that "each of the statutory variants of aggravated felonious sexual assault listed under RSA 632-A:2, I, requires proof of an element or elements the others do not." *Crate*, 141 N.H. at 491, 686 A.2d at 320. In this case, the physical force variant requires proof that the defendant overcame the complainant "through the actual application of physical force, physical violence or superior physical strength," RSA 632-A:2, I(a), and the false imprisonment variant does not. Likewise, the false imprisonment variant requires proof that the defendant unlawfully confined the complainant "so as to interfere substantially

with his physical movement," RSA 633:3 (1996); *see* RSA 632-A:2, I(e), and the physical force variant does not. While the use of force may prove unlawful confinement, it is not legally required to secure a conviction under RSA 632-A:2, I(e). Therefore, the charges before us *may* be charged as distinct alternative methods of committing aggravated felonious sexual assault. We must consider, however, "whether, *as charged*, either [indictment] contains an element which will require factual proof . . . that the other does not." *Heald*, 123 N.H. at 472, 464 A.2d at 277. Thus, we next examine the indictments as charged.

The false imprisonment indictment alleges that the defendant caused the complainant to submit under circumstances involving false imprisonment in that the defendant, an on duty police officer, substantially interfered with the complainant's physical movement "by transporting [him] to a cul-de-sac" and "by forcing [him] to the ground." The defendant asserts that the indictment relies solely on the "force" allegation to prove false imprisonment. We reject the defendant's parsing of the indictment. A fair reading of the indictment illustrates that the transportation and force allegations, taken together, allege that the defendant unlawfully confined the complainant:

> William Nickles, a police officer who was on duty at the time of the offense, did have [the complainant], a person who was being transported, perform fellatio on said William Nickles *by* transporting said [complainant] to a cul-de-sac . . . *and by* forcing the [complainant] to the ground, *thereby substantially interfering with the [complainant]'s physical movement . . . .*

(Emphasis added.) In addition, the defendant's status as an on duty police officer is subsumed by the transportation allegation.

The physical force indictment alleges that the defendant overcame the complainant "through the actual application of physical force, physical violence, or superior physical strength . . . by forcing the [complainant] to the ground." Thus, the State was required to prove that the defendant physically overpowered the complainant. Unlawful confinement or substantial interference with physical movement is not necessary to secure a conviction on this charge.

As the offense is charged in the false imprisonment indictment, however, the State was not required to prove that the defendant physically overcame or overpowered the complainant to

prove unlawful confinement. Rather, the indictment alleges that "forcing the [complainant] to the ground," in conjunction with the other circumstances, allegedly unlawfully confined the complainant through a threatening or intimidating atmosphere. While the false imprisonment indictment charges that the defendant used physical force, in part, to achieve confinement, proof of confinement as charged does not require proof that the defendant physically overcame or overpowered the complainant. Therefore, each indictment requires proof of "a particular fact not necessary to the other." *Crate*, 141 N.H. at 492, 686 A.2d at 320. Assuming, without deciding, that the State was required to prove the "force" allegation to secure a conviction on the false imprisonment charge, *see State v. Greene*, 137 N.H. 126, 129, 623 A.2d 1342, 1344 (1993), we conclude that as charged the false imprisonment indictment is sufficiently distinct in fact and law from the physical force indictment such that the dual indictments were properly presented to the jury for its deliberation. Accordingly, jury deadlock prevented original jeopardy from terminating on the physical force indictment, and thus the State may retry the defendant on that charge.

*Affirmed and remanded.*

THAYER, J., sat but, on administrative leave, did not participate; NADEAU, J., did not sit; BROCK, C.J., dissented; HORTON, J., concurred.

BROCK, C.J., dissenting: Because I disagree that the false imprisonment and the physical force indictments are sufficiently distinct in this case so as not to invoke double jeopardy, I respectfully dissent.

As the majority notes, whether the physical force and false imprisonment charges are distinct offenses for double jeopardy purposes depends on whether "proof of the elements of the crimes *as charged* will in actuality require a difference in evidence." *State v. Brooks*, 137 N.H. 541, 542, 629 A.2d 1347, 1348 (1993) (quotation omitted). The majority incorrectly concludes, however, that the false imprisonment indictment does not require proof of force.

While the State contends that "the jury could have found the defendant guilty of the 'false imprisonment' indictment without any actual application of physical force at all," it chose to indict the defendant on the false imprisonment charge by alleging the statutory element of force. *See* RSA 633:3, :2, II (1996). The indictment plainly stated that the defendant "forc[ed] the victim to the ground, thereby substantially interfering with the victim's physical move-

ment." Having chosen to indict the defendant in this manner, the State, and the majority, cannot now read the physical force component out of the indictment. *See, e.g., State v. Constant*, 135 N.H. 254, 257, 605 A.2d 206, 208 (1992) ("[W]e must look to . . . the actual charges lodged against the defendant."). Similarly, the physical force indictment requires that the State prove "the actual application of physical force," RSA 632-A:2, I(a) (1996), through its allegation that the defendant "forc[ed] [the victim] to the ground." Thus, each indictment *in fact* requires proof of the same elemental evidence, namely, the use of force. The jury considered the same evidence under both indictments and acquitted the defendant on false imprisonment. Therefore, as the State chose to charge the false imprisonment indictment, on the evidence presented to us for review, the jury must have found unlawful force, a required element for a conviction on the physical force indictment, to be lacking. *See Brooks*, 137 N.H. at 542, 629 A.2d at 1348 (if facts charged in second indictment, if true, would have sustained first indictment, then the two offenses are the same); *State v. Gooden*, 133 N.H. 674, 679, 582 A.2d 607, 610 (1990). Accordingly, I would hold that the State may not retry the defendant on the physical force indictment.