Hillsborough-southern judicial district
No. 99-221

### THE STATE OF NEW HAMPSHIRE

v.

### STEVEN GORDON

April 24, 2001

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. Following extradition from Belgium, the defendant, Steven Gordon, was incarcerated on a violation of probation charge arising in Hillsborough County. On appeal, he contends that the Trial Court (*Dalianis*, J.) erred as the probation violation charge was not included in the charges set forth in the request for extradition and therefore his incarceration on that charge is barred by the doctrine of specialty. We affirm.

The defendant was convicted of aggravated felonious sexual assault in 1993. In 1997, his sentence was modified and he was placed on probation. A condition of his probation agreement was a waiver of extradition "from any state in the United States or any other place."

In July 1998, following the assault of two women in Rockingham County, the defendant was charged with four new counts of aggravated felonious sexual assault, one count of being a felon in possession of a handgun and one count of criminal mischief. After fleeing New Hampshire, the defendant contacted his probation officer from the Netherlands and admitted not only to the charged offenses but also to the sexual assault of a Manchester woman and several robberies. His probation officer filed a violation of probation report in Hillsborough County Superior Court, based on the four new counts of aggravated felonious sexual assault, the handgun charge, and his unapproved departure from the State. The defendant was subsequently extradited from Belgium; the extradition request listed only the charges pending in Rockingham County.

At the hearing in Hillsborough County on the probation violation charge, the defendant moved to terminate the proceedings for lack

of jurisdiction based on the doctrine of specialty. The motion was denied and after a hearing, the court ordered that the balance of the defendant's sentence be brought forward and imposed in full. The defendant appeals from that order.

■ Whether the doctrine of specialty barred defendant's incarceration based on his probation violation is a question of law, which we review *de novo. See In re 1994 Chevrolet Cavalier*, 142 N.H. 705, 707 (1998). This doctrine, which applies to extradition treaties, is based on principles of international comity. *See United States v. Tse*, 135 F.3d 200, 204-05 (1st Cir. 1998). It requires that persons who are surrendered by a government for prosecution based on specific alleged criminal activity will not be subject to indiscriminate prosecution by the receiving government. *See Fiocconi v. Attorney General of United States*, 462 F.2d 475, 481 (2d Cir.), *cert. denied*, 409 U.S. 1059 (1972). The extradition treaty between the United States and Belgium incorporates the doctrine of specialty.

The State contends that because the doctrine protects nations which are parties to extradition treaties rather than extradited individuals, the defendant has no standing to assert a violation of that doctrine. We note that the circuit courts of appeal are divided on this issue. *See United States v. Saccoccia*, 58 F.3d 754, 767 n.6 (1st Cir. 1995), *cert. denied*, 517 U.S. 1105 (1996) ("[W]hile we take no view of the issue, . . . the side that favors individual standing has much to commend it."); *Leighnor v. Turner*, 884 F.2d 385, 388 n.4 (8th Cir. 1989). While we assume without deciding that the defendant has standing to assert a violation of the doctrine of specialty, we note that the objections that he may raise are limited to those which Belgium might consider to be a breach of the extradition treaty. *See Tse*, 135 F.3d at 205 n.3.

■ When faced with a request for extradition, a surrendering country which is a party to an extradition treaty is provided with a list of the charges giving rise to the request. *See United States v. Puentes*, 50 F.3d 1567, 1572 (11th Cir.), *cert. denied*, 516 U.S. 933 (1995). The surrendering country may choose to limit its approval to those offenses specifically set forth in the extradition treaty. *Id.* In reviewing whether prosecution of an extradited defendant comports with the doctrine of specialty, we must determine whether "the surrendering state would deem the conduct for which the requesting state actually prosecutes the defendant as interconnected with (as opposed to independent from) the acts for which he was extradited." *Tse*, 135 F.3d at 205.

Article 15 of the extradition treaty between the United States and Belgium provides that persons extradited under the treaty "may not be detained, tried, or punished in the Requesting State except for . . . the offense for which extradition has been granted or a differently denominated offense based on the same facts on which extradition was granted, provided such offense is extraditable or is a lesser included offense." An offense is extraditable under the treaty if it is punishable in both countries "by deprivation of liberty for a maximum period of more than one year or by a more severe penalty."

■ The defendant was extradited to face charges of aggravated felonious sexual assault. *See* RSA 632-A:2 (Supp. 2000). Subsequent to his return, the State filed a violation of probation report in Hillsborough County Superior Court alleging that he had committed four counts of aggravated felonious sexual assault, used a handgun in committing those crimes and left the State without the permission of his probation officer. The acts for which he was extradited formed the very basis for finding that he had violated his probation, "a differently denominated offense based on the same facts on which extradition was granted." Moreover, although the reason for his reincarceration was his violation of probation, he was on probation for his earlier conviction of aggravated felonious sexual assault, the same type of crime for which Belgium approved his extradition.

We therefore conclude that Belgium would have had no reason to object to the defendant's reincarceration, *see* RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW OF THE UNITED STATES § 477 comment b (1987), and that the doctrine of specialty was not violated.

*Affirmed.*

HORTON, J., sat for oral argument but retired prior to the final vote; BRODERICK and NADEAU, JJ., concurred.