J-A22027-22

2023 PA Super 7

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOSHE JOURNO | : | |
| | : | |
| Appellant | : | No. 1351 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 12, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014863-2004

BEFORE: OLSON, J., DUBOW, J., and COLINS, J.[*]

OPINION BY DUBOW, J.: **FILED: JANUARY 11, 2023**

Appellant Moshe Journo appeals from the judgment of sentence entered by the Court of Common Pleas of Allegheny County on July 12, 2021. Appellant seeks judgment of acquittal on several charges, claiming that the prosecution of these offenses violates the "Rule of Specialty" included in the Protocol between the Government of the United States and the Government of the State of Israel Amending the Convention on Extradition of 1962 ("Protocol").[1] After review, we conclude that the Commonwealth did not violate the Rule of Specialty and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Protocol between the Government of the United States and the Government of the State of Israel Amending the Convention on Extradition of 1962, U.S.-Isr., art. 8, July 6, 2005, S. Treaty Doc. No. 109-3 (amending Article XIII of the 1962 Convention on Extradition).

The Commonwealth alleged that Appellant sexually assaulted and raped a 15-year-old girl ("Victim") on September 6, 2004. Initially, the Commonwealth charged Appellant with Aggravated Indecent Assault, Sexual Assault, Statutory Sexual Assault, Indecent Assault, and Corruption of Minors.[2] After posting bond, Appellant did not appear at his preliminary hearing and instead fled to Israel. In 2006, the Commonwealth filed a second criminal complaint adding a charge of Rape relating to the same September 2004 criminal incident involving Victim.[3]

In January 2017, the Commonwealth sought extradition of Appellant from Israel. In its Affidavit in Support of Request for Extradition ("Extradition Affidavit"), the Commonwealth indicated that a 15-year-old victim alleged that Appellant, then 39 years old, had raped her.[4] The Extradition Affidavit recounted the factual account provided by Victim, and attached the original probable cause affidavit submitted by detectives in 2006. It additionally stated that the Commonwealth originally charged Appellant with "several violations of Pennsylvania law including aggravated indecent assault, sexual assault, statutory sexual assault, indecent assault without the consent of the

_____

[2] 18 Pa.C.S. §§ 3125(a)(8), 3124.1, 3122.1, 3126(a)(8), and 6301(a), respectively.

[3] 18 Pa.C.S. § 3121(a)(1) or (a)(2). The trial court eventually consolidated the charges onto one docket.

[4] Appellant included the Extradition Affidavit as Exhibit 1 to his Omnibus Pretrial Motion.

other, and corruption of minors[,]" before charging him with Rape. Extradition Affidavit, dated 1/19/17, at 2. Notably, the Commonwealth sought extradition solely for Rape and did not seek extradition for Aggravated Indecent Assault, Statutory Sexual Assault, and Indecent Assault, charges which Appellant challenges in the current appeal ("Contested Offenses").[5] Israel granted extradition of Appellant for Rape in February 2019.

In April 2019, Appellant filed his Omnibus Pretrial Motion seeking, *inter alia*, dismissal of the Contested Offenses. He argued that prosecution of the Contested Offenses violated the Rule of Specialty in the Protocol, which, in relevant part, prohibits the detention, trial, or punishment of an extradited person for offenses other than the "offense for which extradition was granted, or a lesser included offense based on the same facts as the offense for which extradition was granted" or the consent of Israel.[6] He emphasized that the Contested Offenses are not lesser included offenses of Rape, which was the only charge included in the extradition request.

Prior to the hearing on Appellant's motion, the Commonwealth sought Israel's consent to waive the Rule of Specialty as to the Contested Offenses. In its response, the Israeli Ministry of Justice opined:

---

[5] Appellant does not challenge his prosecution for Sexual Assault, 18 Pa.C.S. § 3124.1, as it is a lesser included offense of Rape, or Corruption of Minors, 18 Pa.C.S. § 6301, which the trial court dismissed pretrial.

[6] Protocol at art. 8.

> [**The Contested Offenses**] **are based on the same set of facts and relate to the same victim that appear in the extradition request**; the sole difference between the offense of Rape, for which [Appellant] was extradited, and the additional offenses, is the age requirement, which is in our view a legal circumstance of lesser significance, in particular, when the information regarding the age of the victim at the time of the offense was fully brought before the Israeli instances within the request for extradition - and was proven as part of the complaint, to the level of proof required by the Israeli Law.
>
> Our office has thus concluded that according to the Israeli case law in this matter, **charging [Appellant] with the additional offenses does not constitute a deviation from the Rule of Specialty, so long as the additional offenses are part of the same affair as the original one and based on the same set of facts** laid before the Israeli court of extradition. As such, **charging [Appellant] as planned does not require the consent of the State of Israel**.

Letter from Att'y Matan Akiva of the Israeli Ministry of Justice to Att'y Mark Aziz of the U.S. Dep't of Justice, 6/24/19, at 1-2 (citation omitted, emphasis added) ("Israeli Ministry's Letter").

During the hearing on Appellant's pretrial motions, the trial court found that the author of the Israeli Ministry's Letter had authority to "pen the letter."[7] The court relied upon the Letter's conclusion that prosecution of the Contested Offenses did not violate the Rule of Specialty because they were part of the same incident and did not occur independently of the Rape, for which Israel granted extradition. Accordingly, the trial court rejected Appellant's request for dismissal of the Contested Offenses. The court, however, dismissed the Corruption of Minors charge, concluding that it was

---

[7] N.T. Hr'g, 6/28/19, at 36.

neither a lesser-included offense of Rape nor addressed in the Israeli Ministry's Letter.

Following trial, a jury found Appellant guilty on all counts, and the trial court sentenced Appellant to 6.5 to 20 years of incarceration for Rape and an aggregate sentence on the Contested Offenses of 3.5 to 7 years of incarceration. Appellant filed a post-sentence motion seeking, *inter alia,* acquittal of the Contested Offenses, reiterating that prosecution of the Contested Offenses violated the Rule of Specialty.

After the trial court denied his post-sentence motion, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925. Before this Court, Appellant contests solely the prosecution of the Contested Offenses as violative of the Protocol's Rule of Specialty.[8]

**A.**

This case requires the Court's interpretation of the Rule of Specialty contained within the extradition treaty between the United States and Israel. The interpretation of a treaty is a question of law over which "our standard of review is *de novo* and our scope is plenary." **Commonwealth v. Padilla**, 80 A.3d 1238, 1259 (Pa. 2013); **see also State v. Gordon**, 781 A.2d 976, 978

---

[8] In its briefing to this Court, the Commonwealth contests Appellant's standing, observing that the federal circuit courts have divided on the question of an individual's standing to raise a Rule of Specialty violation. We need not address this disputed issue because we ultimately determine that Appellant's claim fails on the merits.

(N.H. 2001) (finding that violation of the doctrine of specialty is a question of law).

The United States Supreme Court instructs that courts interpreting a treaty should "begin with the text of the treaty and the context in which the written words are used." ***Volkswagenwerk Aktiengesellschaft v. Schlunk***, 486 U.S. 694, 699 (1988) (citation and internal quotation marks omitted). While general rules of construction may be utilized, the High Court explained that courts should construe treaties "more liberally than private agreements," and "may look beyond the written words to the history of the treaty, the negotiations, and the practical construction adopted by the parties." ***Id.*** at 700 (citation and internal quotation marks omitted). Additionally, "[i]t is well settled that the Executive Branch's interpretation of a treaty is entitled to great weight." ***Abbott v. Abbott****,* 560 U.S. 1, 15 (2010) (citation and internal quotation marks omitted).

Broadly, an extradition treaty is "a cooperative agreement between two governments for the prosecution and punishment of criminal offenders." ***United States v. Puentes***, 50 F.3d 1567, 1572 (11th Cir. 1995). Most extradition treaties include a provision relating to specialty.[9] Absent certain exceptions, the Rule of Specialty instructs that a "requisitioning state may not,

---

[9] Courts reference the concept as the rule, doctrine, or principle of specialty or speciality. We will use the term Rule of Specialty. Likewise, while the Rule of Specialty references circumstances where a defendant is "detained, tried, or punished," we will use the term "prosecution" to reference the entire process.

without the permission of the asylum state, try or punish the fugitive for any crimes committed before the extradition except the crimes for which he was extradited." *United States v. LeBaron*, 156 F.3d 621, 626 (5th Cir. 1998) (citation omitted).

While benefiting the individual defendant, courts applying the Rule of Specialty emphasize that the doctrine concerns international comity "rather than the rights of the defendant" and thus a defendant's protection under the rule "exists only to the extent that the surrendering country wishes." *United States v. Tse*, 135 F.3d 200, 205 (1st Cir. 1998) (citation omitted); *see also United States v. Andonian*, 29 F.3d 1432, 1435 (9th Cir. 1994); *State v. Gordon*, 815 A.2d 379, 383 (N.H. 2002) (citation omitted). The underlying concern is whether the extraditing country would view the prosecution of the additional charges as "a breach of faith" by the receiving country. *Fiocconi v. Attorney General of the U.S.*, 462 F.2d 475, 481-82 (2d Cir. 1972).

As applicable to the case at bar, the Rule of Specialty included in the Protocol between the United States and Israel provides in relevant part as follows:

> 1. A person extradited under the Convention may not be detained, tried, or punished in the Requesting Party except for:
>
> (a) any offense for which extradition was granted, or **a lesser included offense based on the same facts as the offense for which extradition was granted**;
>
> (b) any offense committed after the extradition of the person; or
>
> (c) any offense for which the executive authority of the Requested Party consents to the person's detention, trial or punishment.

- 7 -

Protocol between the Government of the United States and the Government of the State of Israel Amending the Convention on Extradition of 1962, U.S.-Isr., art. 8, July 6, 2005, S. Treaty Doc. No. 109-3 (amending Article XIII of the 1962 Convention on Extradition) (emphasis added).

**B.**

In this case, Appellant argues that the prosecution of the Contested Offenses violates the Rule of Specialty. The trial court rejected this argument, concluding that the Israeli Ministry's Letter "resolved any dispute" as to the Commonwealth's authority to prosecute Appellant for the Contested Charges.[10] Tr. Ct. Op., 2/25/22, at 7-8. As noted, the Israeli Ministry of Justice opined that prosecution of additional offenses "does not constitute a deviation from the Rule of Specialty, so long as the additional offenses are part of the same affair as the original one and based on the same set of facts laid before the Israeli court of extradition." Israeli Ministry's Letter at 2. As applied to this case, it recounted that the Contested Offenses were "based on the same set of facts and relate to the same victim that appear in the extradition request" for Rape. *Id.* at 1. Upon review, we affirm the trial court's conclusion that prosecution of Appellant for the Contested Offenses does not violate the Rule of Specialty, as adopted and interpreted by the United States and Israel, because they are "lesser included offense[s] based

---

[10] In its 1925(a) Opinion, the trial court incorporated the analysis of Judge Tranquilli, who had decided the issue from the bench during the June 28, 2019 hearing. Judge Beemer replaced Judge Tranquilli as trial judge in this case prior to February 2020.

on the same facts as the [Rape]" for which Israel granted extradition. Protocol at art. 8.

Before this Court, Appellant claims that prosecution of the Contested Offenses violates the Protocol's Rule of Specialty because they are not "lesser included offenses" of Rape. He contends that the Rule of Specialty does not permit prosecution of additional offenses merely because they are based on the same set of facts as the extraditing offense. In support, Appellant claims that "[f]ederal decisional law – as a body – limits prosecution of an extraditee to the offense of extradition and additional counts of the same offense[,]" rather than allowing prosecution for offenses that "may have been part of the same criminal episode" as the extraditing offense. Appellant's Br. at 25. He observes that courts have opined that the Rule of Specialty prohibits "prosecution for different substantive offenses other than those for which consent has been given, and not prosecution for additional or separate counts of the same offense" *Id.* at 30 (citing *LeBaron*, 156 F.3d at 627-28). He maintains that determining whether a crime is a "lesser included offense" requires an analysis of each charge's elements under the Pennsylvania's Crimes Code.

We conclude that the precedent does not support Appellant's reading. While courts have found that prosecution of additional counts of an extraditing offense is permissible under the relevant Rules of Specialty, the cases do not bar the prosecution of other offenses connected with the extraditing offense, merely because they are classified as separate crimes under the requesting

country's crimes code. The Rule of Specialty does not turn on "some technical refinement of local law[.]" ***United States v. Paroutian***, 299 F.2d at 486, 491 (2nd Cir. 1962). Instead, the focus is on the "whether the extraditing country would consider those acts for which the defendant was prosecuted as independent from those for which he was extradited." ***LeBaron***, 156 F.3d at 627 (quoting ***Andonian***, 29 F.3d at 1435).[11]

In addition to federal precedent addressing the Doctrine of Specialty, Appellant's position also conflicts with the history of the provision and the signatories' interpretation of the specific language of the Rule of Specialty contained in the Protocol between the United States and Israel. ***See Volkswagenwerk Aktiengesellschaft***, 486 U.S. at 699–700 (directing courts interpreting treaties to consider "the history of the treaty, the

_____

[11] While our research has not disclosed any court addressing the specific language in the United States-Israeli Protocol, other courts have considered the issue under similar Rules of Specialty for other treaties and found prosecution of additional crimes permissible when based on the same facts as the extraditing offense. ***See, e.g., Paroutian***, 299 F.2d at 490-91 (permitting prosecution of "receipt and concealment of heroin" rather than "narcotics trafficking," the offense listed on the extradition request, based upon the conclusion that Lebanon would not consider the additional charges to be separate offenses from the extraditing offense); ***Tse***, 135 F.3d at 205 (concluding that the United States could prosecute the defendant for attempted murder in the aid of a racketeering enterprise, which was not included in the original extradition request, because it was based on the same set of facts giving rise to the offense of conspiracy to commit murder in the aid of a racketeering enterprise for which Hong Kong had granted extradition); ***Gordon***, 781 A.2d at 979 (permitting prosecution for probation violations that were not included in the extradition request to Belgium, but where the extraditing offense of sexual assault "formed the very basis for finding that he had violated his probation").

negotiations, and the practical construction adopted by the parties") (citations and internal quotations marks omitted).

When transmitting the Protocol for the advice and consent of the United States Senate, President George W. Bush included a report submitted by the State Department in which Secretary of State Condoleezza Rice explained the amended Rule of Specialty:

> New Article XIII(1) sets forth the rule of speciality. It provides, subject to specific exceptions, that a person extradited under the Treaty may not be detained, tried, or punished in the Requesting Party for an offense other than that for which extradition has been granted. This prohibition applies, unless (a) **the offense is based on the same facts as the offense for which extradition was granted**; (b) the offense was committed after the extradition of the person; or (c) the offense is one for which the executive authority of the Requested Party consents to the person's detention.

Protocol at Letter of Submittal ("Letter of Submittal").

Appellant argues against reliance on Secretary Rice's Letter of Submittal. He contends that the Secretary's letter misstates the requirements of the Rule of Specialty by allowing prosecution "based on the same facts" of the extraditing offense rather than limiting prosecution to "lesser included offense[s] based on the same facts" as the extraditing offense as set forth in the Protocol. Appellant's Br. at 34-35 (quoting Letter of Submittal and Protocol at art. 8). He emphasizes that the Secretary's letter is not part of the Protocol agreed to by Israel.

We reject this criticism as "[i]t is well settled that the Executive Branch's interpretation of a treaty is entitled to great weight." *Abbott*, 560 U.S. at 15

- 11 -

(citation and internal quotation marks omitted). Moreover, Secretary Rice's summary mirrors the Israeli Ministry of Justice's interpretation of the Rule of Specialty in its letter in this case. As noted above, the Ministry opined that "additional offenses [do] not constitute a deviation from the Rule of Specialty, so long as the additional offenses are part of the same affair as the original one and based on the same set of facts laid before the Israeli court of extradition." Israeli Ministry's Letter at 2. We conclude that Secretary Rice's Letter of Submittal and the Israeli Ministry of Justice's Letter demonstrate the intent of the signatories.

We additionally do not read the Rule of Specialty's use of the term "lesser included" as mandating an element-by-element analysis of the offenses. The language does not suggest that the United States' and Israeli negotiators intended the extradition analysis to turn on the vagaries of local crimes codes. Instead, we interpret the Rule of Specialty in light of the guidance provided by the signatory states and conclude that it is the factual circumstances of the offenses rather than the Crime Code's definition of a "lesser included offense" that determines the scope of the extradition order.

Moreover, we agree with the trial court that the Israeli Ministry of Justice's letter is of particular importance. As has been oft stated, "the crux of the doctrine of specialty is the question: 'whether the requested state has objected or would object to prosecution.'" *United States v. Abello-Silva*, 948 F.2d 1168, 1171-1173 (10th Cir. 1991) (quoting RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW § 477 cmt. b (1987)) (overruled on other grounds as

- 12 -

recognized by *United States v. Martinez*, 78 F.App'x. 679 (10th Cir. 2003)). In this case, we need not guess how the sending state would view the offenses as Israel expressly concluded that the prosecution of the Contested Offenses does "not constitute a deviation from the Rule of Specialty" such that "charging [Appellant] as planned does not require the consent of the State of Israel." Israeli Ministry's Letter at 2.[12]

After review, we agree that prosecution of the Contested Offenses does not violate the Protocol's Rule of Specialty. This is not a case where the Commonwealth charged Appellant with the 2004 Rape and then attempted to add charges regarding, for example, a 2003 Arson, which would obviously be separate incidents. Rather, as the Ministry noted and the trial court relied upon, the Contested Offenses "are part of the same affair as the original one and based on the same set of facts laid before the Israeli court of extradition." ***Id.***

_____

[12] Appellant alleges that this Court should not rely upon the Israeli Ministry's Letter because the Commonwealth may not have provided Israel with the necessary information for it to make an informed decision.

Contrary to Appellant's allegations, the Israeli Ministry of Justice had ample information regarding this case. Specifically, the Commonwealth provided the Ministry with a detailed factual account of the incident in the Extradition Affidavit, where it also indicated that it originally charged Appellant with the Contested Offenses. Moreover, the Israeli Ministry seemingly did not find the specific elements, potential maximum penalties, or statutes of limitations of the Contested Offenses relevant to the determination of whether the prosecution of those charges violated the Rule of Specialty as it did not request additional information on those topics.

Accordingly, we affirm the trial court's conclusion that prosecution of Appellant for the Contested Offenses does not violate the Rule of Specialty, as adopted and interpreted by the United States and Israel, because they are "lesser included offense[s] based on the same facts as the [Rape]" for which Israel granted extradition. Protocol at art. 8.[13] Therefore, we reject Appellant's arguments seeking a judgment of acquittal and instead affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2023

---

[13] As we conclude that prosecution for the Contested Offenses does not violate the Rule of Specialty, we will not address Appellant's argument that Israel did not expressly consent to prosecution.